Carl R. Soller (crs@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
*Attorneys for Defendant Eastern Ports Custom Brokers, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------- x

NIKE, INC.,

    Plaintiff,

 -against-

EASTERN PORTS CUSTOM BROKERS, INC. and VARIOUS JOHN DOES, JANE DOES, and XYZ COMPANIES,

    Defendants.

Civil Action No. 2:11-CV-04390-CCC-JAD

**ANSWER TO COMPLAINT AND THIRD PARTY COMPLAINT**

------------------------------------------------------------- x

EASTERN PORTS CUSTOM BROKERS, INC.,

    Third-Party Plaintiff,

 -against-

CHINA SHIPPING CONTAINER LINES CO., LTD., CITY OCEAN INTERNATIONAL INC., CITY OCEAN LOGISTICS CO., LTD., and U.S. CUSTOMS AND BORDER PROTECTION,

    Third-Party Defendants.

------------------------------------------------------------- x

  Defendant/Third-Party Plaintiff Eastern Ports Custom Brokers, Inc. ("Eastern Ports"), by its attorneys, for its Answer to the Complaint filed by Plaintiff Nike, Inc. ("Plaintiff") and Third-

29354/001/1271682.1

Party Complaint against Third-Party Defendants China Shipping Container Lines Co., Ltd. ("CSCL"), City Ocean International Inc. ("City Ocean International"), City Ocean Logistics Co., Ltd. ("City Ocean Logistics"), and U.S. Customs and Border Protection ("U.S. Customs") (collectively, the "Third-Party Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Eastern Ports admits to Plaintiff's characterization of the nature of the claims set forth in paragraph 1 of the Complaint, but denies that said claims are true or meritorious, and further denies that Plaintiff is entitled to any remedy whatsoever.

## JURISDICTION AND VENUE

2. Eastern Ports admits that Plaintiff purports to bring an action arising under the laws set forth in paragraph 2 of the Complaint and admits that the Court has subject matter jurisdiction, but denies the remaining allegations.

## THE PARTIES

3. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Eastern Ports admits that it is a New York corporation with a principal place of business at 160-23 Rockaway Boulevard, Jamaica, New York 11434 and that it is a customs broker licensed with U.S. Customs and Border Protection ("U.S. Customs"), but denies the remaining allegations set forth in paragraph 4 of the Complaint.

5. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

## NIKE'S FAMOUS TRADEMARKS

6. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

## DEFENDANTS' WRONGFUL ACTIVITIES

10. To the extent the allegations set forth in paragraph 10 of the Complaint pertain to Eastern Ports, Eastern Ports denies the allegations.

11. To the extent the allegations set forth in paragraph 11 of the Complaint pertain to Eastern Ports, Eastern Ports admits that it filed entry documents with U.S. Customs for entry N05-0245840-4 ("Entry #1"), but denies the remaining allegations.

12. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Eastern Ports admits that it presented entry documents to U.S. Customs for Entry #1, but denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. Eastern Ports admits that it presented entry documents to U.S. Customs for Entry #1, but denies the remaining allegations set forth in paragraph 14 of the Complaint or otherwise denies information or knowledge sufficient to form a belief as to the truth of the allegations.

15. Eastern Ports admits that it acted as the customs broker for another shipment for Saint-Gobain Ceramics & Plastics ("Saint-Gobain") that was seized by U.S. Customs, but denies the remaining allegations set forth in paragraph 15 of the Complaint.

16. To the extent the allegations set forth in paragraph 16 of the Complaint pertain to Eastern Ports, Eastern Ports admits that it filed entry documents with U.S. Customs for entry N05-0245841-2 ("Entry #2"), but denies the remaining allegations.

17. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Eastern Ports admits that it presented entry documents to U.S. Customs for Entry #2, but denies the remaining allegations set forth in paragraph 18 of the Complaint.

19. Eastern Ports admits that it presented entry documents to U.S. Customs for Entry #2, but denies the remaining allegations set forth in paragraph 19 of the Complaint.

20. To the extent the allegations set forth in paragraph 20 of the Complaint pertain to Eastern Ports, Eastern Ports admits the allegations.

21. Eastern Ports denies the allegations of paragraph 21 of the Complaint. A copy of Saint-Gobain's Power of Attorney ("POA") reviewed and relied upon by Eastern Ports is attached hereto as Exhibit A.

22. To the extent the allegations set forth in paragraph 22 pertain to Eastern Ports, Eastern Ports denies the allegations. *See* Exhibit A.

23. Eastern Ports denies the allegations set forth in paragraph 23 of the Complaint. *See* Exhibit A.

24. Eastern Ports denies the allegations set forth in paragraph 24 of the Complaint, or otherwise denies information or knowledge sufficient to form a belief as to the truth of the

29354/001/1271682.1

allegations. A copy of the results of an Importer Bond Query, as produced upon entry of the Employer Identification Number issued to Saint-Gobain by the Internal Revenue Service, indicating that Saint-Gobain had a customs bond in place, is attached hereto as Exhibit B.

25. Eastern Ports admits that it had possession of Saint-Gobain's POA, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint. *See* Exhibits A and B.

26. Eastern Ports admits that it acted as the customs broker for Saint-Gobain for shipments that were not seized by U.S. Customs, but denies the remaining allegations set forth in paragraph 26 of the Complaint.

27. To the extent the allegations set forth in paragraph 27 pertain to Eastern Ports, Eastern Ports denies the allegations.

28. To the extent the allegations set forth in paragraph 28 pertain to Eastern Ports, Eastern Ports denies the allegations.

29. To the extent the allegations set forth in paragraph 29 pertain to Eastern Ports, Eastern Ports denies the allegations.

30. To the extent the allegations set forth in paragraph 30 pertain to Eastern Ports, Eastern Ports denies the allegations.

31. To the extent the allegations set forth in paragraph 31 pertain to Eastern Ports, Eastern Ports denies the allegations.

**WITH RESPECT TO THE FIRST CLAIM FOR RELIEF – TRADEMARK COUNTERFEITING**

32. Eastern Ports repeats and realleges its responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. To the extent the allegations set forth in paragraph 33 pertain to Eastern Ports, Eastern Ports denies the allegations.

34. To the extent the allegations set forth in paragraph 34 pertain to Eastern Ports, Eastern Ports denies the allegations.

## WITH RESPECT TO THE SECOND CLAIM FOR RELIEF – TRADEMARK INFRINGEMENT

35. Eastern Ports repeats and realleges its responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. To the extent the allegations set forth in paragraph 36 pertain to Eastern Ports, Eastern Ports denies the allegations.

37. To the extent the allegations set forth in paragraph 37 pertain to Eastern Ports, Eastern Ports denies the allegations.

## WITH RESPECT TO THE THIRD CLAIM FOR RELIEF – FALSE DESIGNATION OF ORIGIN

38. Eastern Ports repeats and realleges its responses to paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. To the extent the allegations set forth in paragraph 39 pertain to Eastern Ports, Eastern Ports denies the allegations.

40. To the extent the allegations set forth in paragraph 40 pertain to Eastern Ports, Eastern Ports denies the allegations.

## WITH RESPECT TO THE FOURTH CLAIM FOR RELIEF – FEDERAL TRADEMARK DILUTION

41. Eastern Ports repeats and realleges its responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. To the extent the allegations set forth in paragraph 43 pertain to Eastern Ports, Eastern Ports denies the allegations.

44. To the extent the allegations set forth in paragraph 44 pertain to Eastern Ports, Eastern Ports denies the allegations.

45. To the extent the allegations set forth in paragraph 45 pertain to Eastern Ports, Eastern Ports denies the allegations.

### WITH RESPECT TO THE FIFTH CLAIM FOR RELIEF – IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES

46. Eastern Ports repeats and realleges its responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. To the extent the allegations set forth in paragraph 47 pertain to Eastern Ports, Eastern Ports denies the allegations.

48. To the extent the allegations set forth in paragraph 48 pertain to Eastern Ports, Eastern Ports denies the allegations.

49. To the extent the allegations set forth in paragraph 49 pertain to Eastern Ports, Eastern Ports denies the allegations.

50. To the extent the allegations set forth in paragraph 50 pertain to Eastern Ports, Eastern Ports denies the allegations.

### WITH RESPECT TO THE SIXTH CLAIM FOR RELIEF – VIOLATION OF TARIFF ACT

51. Eastern Ports repeats and realleges its responses to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

29354/001/1271682.1

52. To the extent the allegations set forth in paragraph 52 pertain to Eastern Ports, Eastern Ports denies the allegations.

53. Eastern Ports denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54. To the extent the allegations set forth in paragraph 54 pertain to Eastern Ports, Eastern Ports denies the allegations.

### PRAYER FOR RELIEF

55. Eastern Ports is not required to respond to Plaintiff's prayer for relief. To the extent such a response is deemed required, Eastern Ports states that Plaintiff is not entitled to any of the relief demanded in the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56. The Complaint, and each and every purported claim set forth therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57. The claims set forth in the Complaint are barred by the doctrines of waiver, laches and estoppel.

### JURY REQUEST

58. Eastern Ports requests a trial by jury on all issues so triable.

29354/001/1271682.1

## THIRD PARTY COMPLAINT AGAINST THE THIRD-PARTY DEFENDANTS

## THE PARTIES

1. Upon information and belief, Plaintiff Nike, Inc. ("Plaintiff") is an Oregon corporation with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

2. Defendant and Third-Party Plaintiff Eastern Ports Custom Brokers, Inc. ("Eastern Ports") is a New York corporation with a principal place of business at 160-23 Rockaway Boulevard, Jamaica, New York 11434.

3. Upon information and belief, Third-Party Defendant China Shipping Container Lines Co., Ltd. ("CSCL") is a Chinese entity which does business in this District and does business in Yantian, China. CSCL acted as the carrier for the cargo which is the subject of the Complaint.

4. Upon information and belief, Third-Party Defendant City Ocean International Inc. ("City Ocean International") is a California corporation which does business in this District and which has a registered agent in this State located at 80 E. State Rt. 4, Paramus, New Jersey 07652-2647. City Ocean International acted as the U.S.-based freight forwarder for the cargo which is the subject of the Complaint.

5. Upon information and belief, Third-Party Defendant City Ocean Logistics Co., Ltd. ("City Ocean Logistics") is a Chinese entity which does business in this District and which maintains an office in this State located at 485A Route 1 South, Suite 330, Iselin, New Jersey 08830. City Ocean Logistics acted as the foreign-based freight forwarder for the cargo which is the subject of the Complaint. Upon information and belief, City Ocean International acts as agent for City Ocean Logistics.

29354/001/1271682.1

6. Upon information and belief, Third-Party Defendant U.S. Customs and Border Protection ("U.S. Customs") is an agency of the United States Department of Homeland Security whose headquarters is located at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229.

7. CSCL, Ocean City International, Ocean City Logistics, and U.S. Customs are collectively referred to as the "Third-Party Defendants."

## JURISDICTION AND VENUE

8. This Court has ancillary, pendant, and supplemental jurisdiction over the claims set forth in this Third Party Complaint (the "Third Party Claims") pursuant to 28 U.S.C. § 1367 because the underlying transactions, facts, and controversies arise out of the same case and controversy and nucleus of facts as those claims asserted in the Complaint in this action.

9. Venue of the Third Party Claims in this District and this Court is proper under 28 U.S.C. §§ 1391(b) and 1391(c).

## FIRST CLAIM FOR RELIEF AGAINST THE THIRD-PARTY DEFENDANTS
### (Negligence)

10. Eastern Ports repeats and realleges the allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

11. Plaintiff alleges that the cargo which is the subject of the Complaint contained goods bearing infringing and/or counterfeit marks.

12. The cargo at issue was alleged to be shipments of ceramic tile.

13. Upon information and belief, the cargo at issue weighed substantially less than would be expected for a shipment of ceramic tiles of that size.

14. At no time did Eastern Ports, as the customs broker, have access to nor the opportunity to inspect the contents of the cargo at issue.

15.     Upon information and belief, standard industry practice requires that freight forwarders and carriers verify the weight of the cargo prior to boarding or shipment.

16.     U.S. Department of Labor's Occupational Safety and Health Administration ("OSHA") regulations require loaded cargo containers to be weighed to obtain actual gross weight before being loaded aboard ship. *See* 29 C.F.R. § 1917.71.

17.     Upon information and belief, CSCL, City Ocean International, and/or City Ocean Logistics failed to conduct weight verification of the cargo at issue in violation of both standard industry practice and the governing law.

18.     Upon information and belief, U.S. Customs had access to the ocean manifest issued in connection with the cargo, which listed the weight of the cargo.

19.     Upon information and belief, based on the weight discrepancy apparent in the ocean manifest, U.S. Customs should have discovered that there was a misdescription of goods, whether fraudulent or otherwise, and should have investigated the contents of the cargo and taken appropriate action.

20.     Upon information and belief, U.S. Customs failed to examine the ocean manifest or otherwise investigate the readily apparent weight discrepancy.

21.     Upon information and belief, the Third-Party Defendants were negligent and failed to exercise reasonable care, including, but not limited to, failing to verify the weight of the cargo and/or failing to investigate the contents of the cargo in view of apparent red flags.

## SECOND CLAIM FOR RELIEF AGAINST THE THIRD-PARTY DEFENDANTS
### (Contribution)

22.     Eastern Ports repeats and realleges the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Plaintiff alleges in its Complaint in this action that it has been damaged due to alleged unlawful importation of goods bearing infringing and/or counterfeit marks.

24. Eastern Ports is not liable for any of the damages claimed by Plaintiff in the Complaint.

25. Any damages claimed by Plaintiff were caused by reason of negligence or are otherwise the proper responsibility of parties other than Eastern Ports, including, but not necessarily limited to, the Third-Party Defendants.

26. If Eastern Ports is adjudged liable for any damages and/or costs relating to the allegations in the Complaint, then Eastern Ports has been damaged by the misconduct of the Third-Party Defendants as set forth above, and the Third-Party Defendants are liable to Eastern Ports for such damages, including costs and attorney's fees incurred herein.

## THIRD CLAIM FOR RELIEF AGAINST THE THIRD-PARTY DEFENDANTS
### (Indemnity)

27. Eastern Ports repeats and realleges the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28. If Eastern Ports is adjudged liable for any damages and/or costs relating to the allegations in the Complaint, then the Third-Party Defendants are liable to indemnify and hold Eastern Ports harmless for all such damages, including costs and attorney's fees incurred herein.

### REQUEST FOR RELIEF

**WHEREFORE**, Defendant Eastern Ports demands judgment:

(a) Dismissing the Complaint in its entirety with prejudice; alternatively, and in the event that judgment is rendered against Eastern Ports, that it has judgment on the Third Party Claims against the Third-Party Defendants for all damages, costs and

29354/001/1271682.1

        attorney's fees, and any other specific relief for which Eastern Ports may be held liable;

(b)    Awarding Eastern Ports its costs and reasonable attorney's fees incurred in this action; and

(c)    Awarding Eastern Ports such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 18, 2011

                                  Respectfully submitted,

                                  COWAN, LIEBOWITZ & LATMAN, P.C.

                                  By:   /s/ Carl R. Soller
                                        Carl R. Soller

                                  1133 Avenue of the Americas
                                  New York, New York 10036
                                  (212) 790-9200
                                  crs@cll.com
                                  *Attorneys for Defendant Eastern Ports Custom Brokers, Inc.*