```
----------------------------------------------------------X
NIKE, INC.                                                :
                                                          :
            Plaintiff,                                    :
                                                          :
        - against -                                       :  Civil Action No.: 2:11-CV-4390
                                                          :  (CCC)(JAD)
EASTERN PORTS CUSTOM BROKERS, INC.                        :
and VARIOUS JOHN DOES, JANE DOES, and                     :
XYZ COMPANIES,                                            :
                                                          :
            Defendants.                                   :
----------------------------------------------------------X  THIRD PARTY DEFENDANT
EASTERN PORTS CUSTOM BROKERS, INC.                        :  CHINA SHIPPING CONTAINER
                                                          :  LINES CO., LTD.'S ANSWER
            Third Party Plaintiff,                        :  TO THIRD PARTY COMPLAINT
                                                          :  WITH CROSS-CLAIM
        - against -                                       :
                                                          :
CHINA SHIPPING CONTAINER LINES CO.,                       :
LTD., CITY OCEAN INTERNATIONAL INC.,                      :
CITY OCEAN LOGISTICS CO., LTD., and                       :
U.S. CUSTOMS AND BORDER PROTECTION,                       :
                                                          :
            Third Party Defendants.                       :
----------------------------------------------------------X
```

Third Party Defendant, CHINA SHIPPING CONTAINER LINES CO. LTD. ("CSCL"), by and through its undersigned attorneys, answers the Third Party Complaint of Eastern Ports Custom Brokers, Inc. ("Eastern") as follows:

1. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Third Party Complaint.

2. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Third Party Complaint.

3. Admits that CSCL is a Chinese entity that does business within this District and in Yantian, China and that CSCL was a carrier of sealed containers allegedly containing the cargo that is the subject of the Plaintiff's Complaint.

4. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Third Party Complaint.

5. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Third Party Complaint.

6. Admits that the U.S. Customs and Border Protection is an agency of the United States Department of Homeland Security, and except as so admitted CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Third Party Complaint.

7. Paragraph 7 of the Third Party Complaint fails to contain any factual allegations and thus requires no response. To the extent a response is required, CSCL denies the allegations set forth in paragraph 6 of the Third Party Complaint.

## JURISDICTION AND VENUE

8. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Third Party Complaint.

9. Denied.

## FIRST CLAIM FOR RELIEF (NEGLIGENCE)

10. CSCL repeats, realleges and incorporates by reference its responses to paragraphs 1-9 of the Third Party Complaint.

11. Admitted.

12. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Third Party Complaint.

13. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Third Party Complaint.

14. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Third Party Complaint.

15. Denied.

16. Denies the allegations set forth in paragraph 16 of the Third Party Complaint, except as to the reference to 29 C.F.R. § 1917.71, to which CSCL refers for the actual contents thereof.

17. Denied.

18. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Third Party Complaint.

19. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Third Party Complaint.

20. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Third Party Complaint.

21. Denied.

## SECOND CLAIM FOR RELIEF (CONTRIBUTION)

22. CSCL repeats, realleges and incorporates by reference its responses to paragraphs 1-21 of the Third Party Complaint.

23. Admitted.

24. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Third Party Complaint.

25. CSCL denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Third Party Complaint.

26. Denied.

## THIRD CLAIM FOR RELIEF (INDEMNITY)

27. CSCL repeats, realleges and incorporates by reference its responses to paragraphs 1-26 of the Third Party Complaint.

28. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Third Party Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Third Party Plaintiff's claims are barred under the doctrine of unclean hands in that, upon information and belief, Third Party Plaintiff knowingly participated in and facilitated the importation of the allegedly counterfeit goods complained of in the Third Party Complaint.

### THIRD AFFIRMATIVE DEFENSE

3. CSCL claims the benefits of the CSCL waybill(s) and any other waybills or bills of lading issued by any parties for the cargoes in question, inclusive of applicable limitations of liability.

### FOURTH AFFIRMATIVE DEFENSE

4. Any damages sustained by Third Party Plaintiff, as alleged in the Third Party Complaint, were proximately, directly and solely caused by the negligence, recklessness, fault, errors, omissions and/or breach of contract or warranty, express or implied, of one or more third persons, including, without limitation, one or more of the defendants named in the Complaint

and/or the Third Party Complaint and/or one or more unidentified party or parties, over whom CSCL had and has no direction or control.

### FIFTH AFFIRMATIVE DEFENSE

5. Any damages sustained by the Third Party Plaintiff, as alleged in the Third Party Complaint, were the direct result of an act, fault or neglect of Third Party Plaintiff, its agents, suppliers, contractors, affiliates or subsidiaries in regard to the manufacture, stowage, shifting, shipment, securing, packaging or customs clearance/importation of the cargoes in question.

### SIXTH AFFIRMATIVE DEFENSE

6. CSCL claims the benefit of all defenses raised by any other defendant or third party defendant herein insofar as may be applicable to it.

### SEVENTH AFFIRMATIVE DEFENSE

7. Third Party Plaintiff has failed to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

8. CSCL claims the benefit of all defenses, exceptions, exemptions and limitations contained in or applicable to any bills of lading, tariffs or contracts of carriage pursuant to which the cargo were carried aboard the Vessel(s), including, without limitation, the Himalaya Clauses and/or Jurisdiction Clauses and/or Forum Clauses contained in or applicable to such bills of lading and/or contracts of carriage and/or as otherwise exist and apply under the laws governing said bills of lading and/or contract of carriage.

### NINTH AFFIRMATIVE DEFENSE

9. The forum is inconvenient and the instant action should be dismissed pursuant to the doctrine of forum non conveniens.

### TENTH AFFIRMATIVE DEFENSE

10. The bringing of this action is not within the proper venue.

### ELEVENTH AFFIRMATIVE DEFENSE

11. This Court lacks personal jurisdiction over CSCL.

### TWELFTH AFFIRMATIVE DEFENSE

12. Third Party Plaintiff's claims against CSCL are barred by the doctrine of estoppel because CSCL relied to its detriment on the descriptions of the cargo, which at no time CSCL had an opportunity to inspect, by of one or more third persons, including, without limitation, the Third Party Plaintiff and/or one or more of the defendants named in the Complaint, and/or the Third Party Complaint and/or one or more unidentified party or parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The forum selection in CSCL's Waybill numbers YTNNYC 100140 and YTNNYC 100281 in respect of the subject cargoes require all disputes arising under or in connection with the Waybill to be submitted to the Shanghai Maritime Court, People's Republic of China. Accordingly, this action should be dismissed as it has been commenced in violation of the Waybill law and jurisdiction clause.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The CSCL tariff and bill of lading provisions, as incorporated in CSCL's Waybill numbers YTNNYC 100140 and YTNNYC 100281 in respect of the subject cargo, provides:

**DEFINITIONS**

"Merchant" includes the consignor the shipper, the receiver, the owner of the Goods, the lawful holder or endorsee of this Bill of Lading, or any other person

having any present or future interest in the Goods or this Bill of Lading, or anyone authorized to act on behalf of any of the foregoing.

### MERCHANT'S DESCRIPTION

(1) The Merchant's description of the Goods stuffed in a sealed Container by the Merchant, or on his behalf, shall not be binding on the Carrier, and the description declared by the Merchant on the front of this Bill of Lading is information provided by the Merchant solely for its own use including but not limited to the use of its freight forwarder. It is understood by the Merchant that the Carrier has not verified the contents, weight or measurement of a sealed container, and the Carrier makes no representation as to the contents of a sealed Container, van, crate or box hereunder, nor its weight or measurement, nor the value, quantity, quality, description, condition marks or number of the contents thereof. The Carrier shall be under no responsibility whatsoever in respect of such description or particulars.

(2) If any particulars of any letter of credit and/or import license and/or sales contract and/or invoice or order number and/or details of any contract to which the Carrier is not a party are shown on the front of this Bill of Lading, such particulars are included solely at the request of the Merchant for its convenience. The Merchant agrees that the inclusion of such particulars shall not be regarded as a declaration of value and shall in no way affect the Carrier's liability under this Bill of Lading. The Merchant acknowledges that except as provided for in Clause 7 hereof, the value of the Goods is unknown to Carrier.

### MERCHANT'S RESPONSIBILITY

(1) The parties defined as "Merchant" in clause 1 hereof shall, where applicable, be jointly and severally liable to the Carrier for the due fulfillment of all obligations undertaken by any of them under this Bill of Lading.

(2) The Merchant warrants to the Carrier that the particulars relating to the Goods as set forth on the front of this Bill of Lading have been checked by the Merchant on the receipt of this Bill of Lading and that such particulars, and any particulars furnished by or on behalf of the merchant, are adequate and correct. The merchant also warrants that the Goods are lawful Goods and are not contraband.

(3) The merchant shall indemnity the Carrier against all liabilities, costs, losses, damages, fines, penalties, expenses or other sanctions of a monetary nature arising or resulting from any breach of the warranties in clause 12(2) hereof or from any other cause in connection with the Goods for which the Carrier is not responsible.

(4) The Merchant shall comply with all regulations or requirements of customs, port and other Authorities, and shall bear and pay all duties, taxes, fines, imposts, expenses or losses (including the full return Freight for the Goods returned, or if on-carried, the full Freight from the Port of Discharge or the Place of Delivery nominated herein to the amended Port of Discharges or the amended Place of Delivery) incurred and/or sustained by reason of any failure to so comply or by reason of any illegal, incorrect or insufficient marking numbering or addressing of the Goods, and shall indemnify the Carrier in respect thereof.

7

Under the provisions of the CSCL bill of lading as incorporated in the CSCL Waybills applicable to the subject cargoes, CSCL was entitled to rely on the description of the cargoes and the warranty of the lawful nature of the cargoes by the "Merchants", including without limitation, the Third Party Plaintiff and/or one or more of the defendants named in the Complaint and/or the Third Party Complaint, and/or one or more unidentified party or parties, and thus the Third Party Plaintiff's claims are barred under the doctrine of estoppel.

## **CROSS-CLAIM AGAINST CITY OCEAN INTERNATIONAL INC.**

1. Upon information and belief, Third Party Defendant City Ocean International Inc. ("City Ocean") is a California corporation doing business in this District with an office at 80 E. State Rt. 4, Paramus, New Jersey 07652-02647.

2. Cross-claimant, China Shipping Container Lines Co. Ltd. ("CSCL") is a Chinese ocean carrier with a principal place of business at 450 Fushan Road, Pudong, Shanghai, People's Republic of China.

3. To the extent that this Court has ancillary, pendant and/or supplemental jurisdiction over the claims alleged by the Third Party Plaintiff in its Third Party Complaint, it also has such jurisdiction pursuant to 28 U.S.C. § 1367 over the cross-claims asserted herein because the underlying transactions, facts and controversies arise out of the same case and controversy or nucleus of operative facts as those claims asserted in the Complaint and the Third Party Complaint in this action.

4. If in respect of the claims alleged in the Third Party Complaint venue in this Court is proper under 28 U.S.C. §§ 1391(b) and 1391(c), then venue is also proper over the cross-claims asserted herein.

5. City Ocean acted as the freight forwarder for cargoes shipped pursuant to CSCL Waybills YTNNYC 100140 and YTNNYC 100281, which are the subject of the Complaint and Third Party Complaint in this action.

6. CSCL was a carrier of the containers carried under CSCL Waybills YTNNYC 100140 and YTNNYC 100281, which are the subject of the Complaint and Third Party Complaint in this action.

7. Plaintiff and Third Party Plaintiff claim damages in their respective complaints arising from the alleged unlawful importation of merchandise (cargo) bearing allegedly infringing and/or counterfeit trademarks.

8. CSCL is not liable for any of the damages claimed by Plaintiff in the Complaint or the Third Party Plaintiff in the Third Party Complaint.

9. Any damage sustained by the Plaintiff, as alleged in the Complaint, or the Third Party Plaintiff, as alleged in the Third Party Complaint, were caused by the breach of contract, warranty and/or acts or omissions of City Ocean and/or the Third Party Plaintiff and/or one or more of the defendants named in the Complaint and/or the Third Party Complaint, and/or one or more unidentified party or parties.

10. The CSCL tariff and bill of lading provisions, as incorporated in CSCL's Waybill numbers YTNNYC 100140 and YTNNYC 100281 in respect of the subject cargoes, provides:

**DEFINITIONS**

"Merchant" includes the consignor the shipper, the receiver, the owner of the Goods, the lawful holder or endorsee of this Bill of Lading, or any other person having any present or future interest in the Goods or this Bill of Lading, or anyone authorized to act on behalf of any of the foregoing.

**MERCHANT'S DESCRIPTION**

(3) The Merchant's description of the Goods stuffed in a sealed Container by the Merchant, or on his behalf, shall not be binding on the Carrier, and the description declared by the Merchant on the front of this Bill of Lading is information provided by the Merchant solely for its own use including but not limited to the use of its freight forwarder. It is understood by the Merchant that the Carrier has not verified the contents, weight or measurement of a sealed container, and the Carrier makes no representation as to the contents of a sealed Container, van, crate or box hereunder, nor its weight or measurement, nor the value, quantity, quality, description, condition marks or number of the contents thereof. The Carrier shall be under no responsibility whatsoever in respect of such description or particulars.

(4) If any particulars of any letter of credit and/or import license and/or sales contract and/or invoice or order number and/or details of any contract to which the Carrier is not a party are shown on the front of this Bill of Lading, such particulars are included solely at the request of the Merchant for its convenience. The Merchant agrees that the inclusion of such particulars shall not be regarded as a declaration of value and shall in no way affect the Carrier's liability under this Bill of Lading. The Merchant acknowledges that except as provided for in Clause 7 hereof, the value of the Goods is unknown to Carrier.

**MERCHANT'S RESPONSIBILITY**

(5) The parties defined as "Merchant" in clause 1 hereof shall, where applicable, be jointly and severally liable to the Carrier for the due fulfillment of all obligations undertaken by any of them under this Bill of Lading.

(6) The Merchant warrants to the Carrier that the particulars relating to the Goods as set forth on the front of this Bill of Lading have been checked by the Merchant on the receipt of this Bill of Lading and that such particulars, and any particulars furnished by or on behalf of the merchant, are adequate and correct. The merchant also warrants that the Goods are lawful Goods and are not contraband.

(7) The merchant shall indemnity the Carrier against all liabilities, costs, losses, damages, fines, penalties, expenses or other sanctions of a monetary nature arising or resulting from any breach of the warranties in clause 12(2) hereof or from any other cause in connection with the Goods for which the Carrier is not responsible.

(8) The Merchant shall comply with all regulations or requirements of customs, port and other Authorities, and shall bear and pay all duties, taxes, fines, imposts, expenses or losses (including the full return Freight for the Goods returned, or if on-carried, the full Freight from the Port of Discharge or the Place of Delivery nominated herein to the amended Port of Discharges or the amended Place of Delivery) incurred and/or sustained by reason of any failure to so comply or by reason of any illegal, incorrect or insufficient marking numbering or addressing of the Goods, and shall indemnify the Carrier in respect thereof.

11.  City Ocean was, at all material times, a "merchant" under the CSCL

Waybills YTNNYC 100140 and YTNNYC 100281 in respect of the subject cargoes.

12. City Ocean is liable under CSCL Waybills YTNNYC 100140 and YTNNYC 100281 to indemnify CSCL against all liabilities, costs, losses, damages, fines, penalties, expenses or other sanctions of a monetary nature, including but not limited to the damages claimed by the Plaintiff and Third Party Plaintiff, for the alleged mis-description and alleged unlawful nature of the merchandise (cargo) shipped in the containers carried under said Waybills.

13. If CSCL is adjudged liable for any damages and/or costs, etc. relating to the allegations in the Plaintiff's Complaint and/or the Third Party Plaintiff's Third Party Complaint, then CSCL has been damaged by the misconduct of City Ocean, as set forth above, and City Ocean is liable to CSCL in indemnity for such damages, including all costs, disbursements and reasonable attorney's fees incurred in defending this action.

**WHEREFORE,** Third Party Defendant China Shipping Container Lines Co., Ltd. demands:

(1) Judgment dismissing the Third Party Complaint;

(2) Judgment on its cross-claim against Third Party Defendant City Ocean International Inc.;

(2) Judgment awarding its costs and disbursements incurred in defending the within action;

(3) Judgment awarding its reasonable attorneys' fees incurred in defending the within action; and

(4) Judgment for such other, further and/or different relief the Court may deem just and proper.

Dated:        February 29, 2012

                                The Third Party Defendant,
                                CHINA SHIPPING CONTAINER
                                LINES CO. LTD.


By: *David D. Gabel* (signature)
David Donald Gabel
The Law Office of Doyle & Doyle
636 Morris Turnpike
Short Hills, New Jersey 07078
(973)467-4433
(973)467-1199 fax
dgabel@doylelaw.net


/s/ *Patrick F. Lennon*
Patrick F. Lennon
LENNON, MURPHY, CAULFIELD
& PHILLIPS, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050-phone
(212) 490-6070-fax
PLennon@LMCPLegal.com

## AFFIRMATION OF SERVICE

I hereby certify that on February 29, 2012 a copy of the foregoing **ANSWER TO THIRD PARTY COMPLAINT WITH CROSS-CLAIM** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*David D. Gabel*
David Donald Gabel
The Law Office of Doyle & Doyle
636 Morris Turnpike
Short Hills, New Jersey 07078
(973)467-4433
(973)467-1199 fax
dgabel@doylelaw.net