**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> EASTERN PORTS CUSTOM BROKERS, INC., et al., <br><br> Defendants. | Hon. Claire C. Cecchi <br> Civil Action No. 11-cv-04390 <br> (CCC)(JAD) <br><br> OPINION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion (ECF No. 50) by plaintiff Nike, Inc. ("Plaintiff") to amend the complaint pursuant to Federal Rule of Civil Procedure 15. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion to amend the complaint to add City Ocean International, Inc. and City Ocean Logistics Co., Ltd. is **GRANTED**.

**I.    BACKGROUND.**

The present motion in this trademark infringement action asks the Court to determine whether Plaintiff should be permitted to amend its complaint to name additional defendants, City Ocean International, Inc. and City Ocean Logistics Co., Ltd. (collectively, "City Ocean"). Plaintiff argued that the proposed amended complaint is substantially identical to its initial Complaint, and that the additional allegations are limited to those necessary to add City Ocean as named defendants to the claims Plaintiff has made from the beginning of this action. City Ocean

is currently a Third Party Defendant to claims alleging indemnification, contribution, and negligence. (Answer, ECF No. 10).

Plaintiff was notified in 2009 by United States Customs and Border Protection ("Customs") that two shipments "consisting of 20,320 pairs of counterfeit shoes bearing the Nike trademark" had been seized at the Port of Newark. (Compl. ¶¶ 12, 17, ECF No. 1). In its complaint filed July 28, 2011, Plaintiff alleged Defendant Eastern Ports Custom Brokers, Inc. ("Eastern Ports") "imported, distributed, transported, or assisted in the importation, distribution, or transportation" of counterfeit goods bearing Plaintiff's trademarks. (Id. ¶ 10). Notably, Plaintiff alleged that Eastern Ports filed entry documents with Customs, allowing for the importation of the counterfeit goods. (Id. ¶ 11). These entry documents also named Saint Gobain Ceramics and Plastics ("Saint Gobain") as the "Importer of Record and Ultimate Consignee for the Counterfeit Footwear." (Id. ¶ 14). On October 18, 2011, Eastern Ports filed its answer and a third party complaint against City Ocean alleging indemnification, contribution, and negligence. (Answer, ECF No. 10). Despite settlement negotiations, the parties were unable to resolve the dispute, and a scheduling order was issued on May 14, 2012, including the directive that any motion to amend be filed by August 15, 2012. (Scheduling Order, ECF No. 37).

Pursuant to the scheduling order, Plaintiff began written discovery, soliciting requests for admissions and interrogatories from Eastern Ports and City Ocean. (Pl. Br. 3, ECF No. 50). On July 3, 2012, City Ocean categorically denied Plaintiff's request for admission stating to "[a]dmit that City Ocean caused Eastern Ports to file [entry paperwork] on behalf of Saint Gobain." (Pl. Resp. 5, ECF No. 55). However, seven months later, on January 13, 2013, City Ocean amended its response, admitting that it had arranged and paid for the transportation of the allegedly

counterfeit shoes from China to the United States. (Id. at 3). Further, Plaintiff discovered information that led them to believe (1) that City Ocean paid for Eastern Ports to file documents in Saint Gobain's name, and (2) that City Ocean provided Eastern Ports with untrue shipping documents. (Id.). Upon learning this information, Plaintiff filed the instant motion.

## II.   STANDARD OF REVIEW.

Generally, Federal Rule of Civil Procedure 15 governs motions to amend or supplement proceedings. However, where, as here, the plaintiff failed to make a motion to amend its complaint within the deadline set in the Rule 16 pretrial schedule, both Rules 15 (a) and 16 are implicated.

First, where deadlines for amending pleadings are the subject of a scheduling order and the deadlines have passed, the moving party must meet Rule 16's "good cause" standard in order to amend. Stallings ex rel. Estate of Stallings v. IBM Corp CIV. 08-3121 (RBK/JS), 2009 WL 2905471 (D.N.J. Sept. 8, 2009) (citations omitted). This is because motions to amend that are filed after a scheduling order deadline has passed are treated as motions to amend the pretrial scheduling order, see Id. (citing Assadourian v. Harb, 71 Fed. R. Serv. 3d 693 (D.N.J. 2008) aff'd, 430 F. App'x 79 (3d Cir. 2011)); (see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (finding that plaintiff must satisfy Rule 16's "good cause" requirement if seeking to amend the complaint after the deadline for amending pleadings has passed)), and, under Rule 16(b)(4), a scheduling order may only be modified for good cause. Rule 16 governs in these situations rather than Rule 15 because scheduling orders would otherwise "be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." Harrison Beverage Co. v. Dribeck

Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990). As such, only upon a showing of "good cause" will the Court evaluate the proposed amendment under Rule 15(a).

Second, Rule 15(a) governs amendments made before the expiration of the statute of limitations on a claim for which a party seeks to amend its pleading. Fed. R. Civ. P. 15 (a). Rule 15(a) provides that after a responsive pleading has been flied:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

The grant or denial of leave to amend under Rule 15(a) is a matter "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. Foman v. Davis, 371 U.S. 178.

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) unfair prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d. Cir. 2000). Unfair prejudice is the most common factor used by courts to deny leave. Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant. However, delay alone will not justify denying a motion to amend. See Cureton v. Nat'l College Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (holding that mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay). Only

where delay becomes "undue", i.e., placing an unwarranted burden on the court, or "prejudicial", i.e., placing an unfair burden on the opposing party, is denial of a motion to amend appropriate. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant]."). Delay may become undue when there has been previous opportunity to amend the complaint. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (finding that a three-year lapse between the filing of the complaint and the proposed amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). In such cases, the Court must focus on the moving party's reasons for not amending the pleading sooner. USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004).

A proposed amendment may also be denied based on futility if it "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009).

### III. DISCUSSION.

Plaintiff filed the instant motion on March 15, 2013, after obtaining additional information concerning City Ocean's role in the shipment of the counterfeit goods. City Ocean opposed Plaintiff's motion to add it as a defendant, arguing that Plaintiff knew about City Ocean's role in the shipment well before the August 15, 2012 deadline to add new parties.

5

Moreover, City Ocean suggested Plaintiff acted with dilatory motive, and submitted that granting Plaintiff's motion would result in undue delay and prejudice. (Def. Opp'n 4, ECF No. 52).

As a threshold matter, this Court must first determine whether Plaintiff satisfied the good cause requirement of Rule 16. Thereafter, the Court will determine whether the general amendment requirements of Rule 15(a) have been satisfied.

### A. Good Cause Under Fed. R. Civ. P. 16.

The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed. Stallings, 2009 WL 2905471, at *16 (citing Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd., 148 Fed. Appx. 82, 85 (3rd Cir. 2005) (defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline.")); Prime Ins. Syndicate v. United Risk Mgmt. Srvcs., 2006 WL 2085388, at *5 (D.N.J. July 25 2006) ("Plaintiff provided no reason for why it could not have asserted these new claims against [the defendant] within the requisite deadlines."); Harrison Beverage Co. v. Dribeck Importers, Inc. 133 F.R.D. 463, 469 (D.N.J. 1990) ("This is most definitely not a motion in which any of defendant's six proposed new affirmative defenses arose from recent discovery in the case.").

City Ocean argued that Plaintiff did not satisfy Rule 16's good cause standard because it had knowledge of the potential claim before the deadline to amend passed. Specifically, City Ocean suggested that Saint Gobain notified Plaintiff as early as 2009 that City Ocean provided freight forwarding services in connection with the shipments of goods that Nike claimed infringed its trademarks. (Wang Decl. Exs. B, C, ECF No. 53). Further, City Ocean stated that "Nike does not identify a single item of discovery it claims to have received late from City

6

Ocean that was necessary (or even useful) in drafting its proposed amended complaint." (Def. Opp'n 6, ECF No. 52).

Although Plaintiff did not directly address Rule 16, it nevertheless disputed the contention that it did not receive important discovery after the August 15, 2012 deadline. Plaintiff claimed that the discovery process shed light on the business relationship between Defendant Eastern Ports and City Ocean. Among other facts, Plaintiff asserted that it learned that City Ocean had "arranged for and paid for the transportation of the counterfeit shoes," filed entry documents in Saint Gobain's name, and provided Eastern Ports with fraudulent shipping documents. (Pl. Br. 3, ECF No. 50). However, this discovery appears to have been completed prior to the August 15, 2012 deadline.

Plaintiff further alleged that City Ocean amended its responses to certain written discovery requests after the August 15, 2012 deadline. (Id. at 5, ECF No. 50). Specifically, Plaintiff noted that on July 3, 2012, City Ocean "unequivocally denied [Plaintiff's] Requests Nos. 8-13: 'Admit that City Ocean caused Eastern Ports to file [entry paperwork] on behalf of Saint Gobain." (Id.). On January 13, 2013, nearly five months after the deadline for adding new parties had passed, City Ocean amended its response, admitting that it had, in fact, caused Defendant Eastern Ports to file entry paperwork in Saint Gobain's name. (Id.). By switching its position and amending its answers to important discovery requests, City Ocean caused Plaintiff to reassess its own position regarding City Ocean's potential liability. Accordingly, the Court finds that Plaintiff has demonstrated sufficient good cause to justify amending the pretrial scheduling order to permit it to seek to amend the complaint past the original deadline.

7

B.     Leave to Amend Pursuant to Fed. R. Civ. P. 15(a).

Next, this Court must consider whether amendment is permissible under Rule 15(a). The three questions pertinent to this Court's analysis are (i) was Plaintiff's delay in seeking to amend the Complaint undue; (ii) would amendment prejudice the proposed defendant City Ocean; and (iii) are the claims to be asserted against the City Ocean futile.

1. Undue Delay.

The first question to consider is whether Plaintiff's delay in seeking to amend the Complaint was undue. The Court finds it was not. As stated, Plaintiff received written discovery from City Ocean on July 3, 2012, denying that it had caused Defendant Eastern Ports to file documents on behalf of Saint Gobains. (Pl. Br. 3, ECF No. 50). Nearly seven months later, on January 13, 2013, City Ocean changed its response, admitting that it had caused Eastern Ports to file shipping documents. (Id.). Barely a month later, Plaintiff requested leave to file a motion to amend the complaint. (ECF No. 45). The Court finds Plaintiff did not, as City Ocean suggests, change its mind from an earlier decision to knowingly decline to assert direct claims against City Ocean. (Def. Opp'n 5, ECF No 52). Rather, City Ocean amended a discovery response after the deadline to amend the pleadings, a change that altered Plaintiff's position. After learning of this change, Plaintiff promptly filed the instant motion. Accordingly, this Court finds that the delay was not undue.

2. Unfair Prejudice.

Next, the Court finds that allowing amendment of the Complaint would not unfairly prejudice City Ocean. City Ocean merely claimed that allowing amendment would be prejudicial, but provided nothing further in support of this assertion. (Def. Opp'n. 4, ECF No. 52). Because City Ocean has been a party to the litigation for several years, it would not be

8

required to expend significant additional resources to conduct discovery and prepare for trial. Additionally, amendment will not significantly delay the resolution of the dispute, nor will it in any way place an unfair burden on City Ocean. Accordingly, the Court finds that allowing the complaint to be amended would not be unfairly prejudicial.

### 3. Futility.

Finally, the Court considers whether the proposed amendment would be futile. In Counts One through Four of its proposed amended complaint, Plaintiff asserted that City Ocean violated the Lanham Act under 15 U.S.C. §§ 1114 and 1125 (a) and (c). (Proposed Amended Complaint, ECF No. 50). The Lanham Act creates civil liability for:

> Any person who…use[s] in Commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1)(a). Moreover, 15 U.S.C. § 1125 provides civil liability for any person who uses in commerce any word, term, or symbol that is likely to cause confusion, or to cause mistake as to the origin of the goods in question.

In its proposed amended complaint, Plaintiff alleged that City Ocean, "without the consent of Nike, imported and/or distributed in interstate commerce footwear bearing unauthorized reproduction, copies, counterfeits and colorable imitations" of Plaintiff's trademarks. (Proposed Amended Complaint ¶ 12, ECF No. 50). Further, Plaintiff alleged that the counterfeit footwear bears a mark indistinguishable from Plaintiff's trademarks, which would likely lead to "confusion, deception, and mistake among the consuming public." (Id. ¶¶ 40, 43). Finally, Plaintiff pleaded that City Ocean, without Plaintiff's permission, imported the

counterfeit goods. (Id. ¶ 54). Plaintiff adequately alleged facts sufficient to state a claim upon which relief can be granted.

City Ocean, however, argued that Plaintiff failed to state a claim under the Lanham Act because it did not allege facts showing that City Ocean *placed* Plaintiff's marks on the goods in question. However, in the Third Circuit, trademark infringement is established by proving "(1) the mark or marks are valid and legally protectable, (2) the marks are owned by Plaintiff, and (3) the defendant's use of [those] marks to identify goods or services is likely to create confusion concerning the origin of goods or services." A&H Sportswear, Inc., v Victoria's Secret Stores, Inc., 237 F. 3d 198, 210 (3d Cir. 2000). The Court is persuaded by the cases cited by Plaintiff wherein courts have found importers liable even where they did not affix or place the trademark on the counterfeit goods themselves. (See Reply Br. 8, ECF No. 55). Accordingly, Plaintiff's Lanham Act claims under 15 U.S.C. §§ 1114 and 1125 were properly pleaded, and would survive a motion to dismiss for failure to state a claim.[1]

City Ocean also suggested that Count Five of the proposed amended complaint is futile, arguing 15 U.S.C. § 1124 does not provide for a private cause of action. Although it is true the statute does not explicitly provide for a private cause of action, some courts have found 15 U.S.C. §§ 1116 and 1117 – which authorize relief for "a violation of any rights of the registrant of a [registered] mark" – create a private cause of action under § 1124. Philip Morris USA, Inc., v. Lee, 547 F. Supp. 2d 667, 677 (W.D. Tex. 2008) (quoting Philip Morris USA, Inc. v. Lee, 481 F.Supp.2d 742, 748 (W.D. Tex 2006)). Thus, notwithstanding that the Third Circuit has not ruled on this issue, the Court cannot hold, as a matter of law, that Plaintiff's § 1124 claim is futile.

---

[1] City Ocean also argued that Count Six of the proposed amended complaint is futile, as liability under 19 U.S.C. § 1526 (a) is predicated upon 15 U.S.C. §§ 1114 and 1125. However, because the Court finds that Plaintiff's under §§ 1114 and 1125 are not futile, City Ocean's argument fails.

## IV. CONCLUSION.

For the foregoing reasons, Plaintiff's motion to amend the Complaint (ECF No. 50) is **granted**. Plaintiff shall file an amended complaint within ten days of the date of this order.

**SO ORDERED**

_____ 8/12/13
JOSEPH A. DICKSON, U.S.M.J

cc: Hon. Claire C. Cecchi, U.S.D.J.