

**Szaferman Lakind Blumstein & Blader PC**
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648
Tel: 609.275.0400
Fax: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++ +++
Michael R. Paglione[2]
Lionel J. Frank[1]
Jeffrey K. Epstein+
Stuart A. Tucker
Daniel S. Sweetser[2]
Robert E. Lytle
Janine G. Bauer[1, 2, 4]
Daniel J. Graziano, Jr.
Nathan M. Edelstein[1]
Ryan A. Marrone
Bruce M. Sattin[1, 2]
Gregg E. Jaclin[1]

Of Counsel
Stephen Skillman
Linda R. Feinberg
Paul T. Koenig, Jr.
Robert A. Gladstone
Janine Danks Fox[2]
Richard A. Catalina, Jr. (45,372)[2,3,6]
Eric M. Stein[1]

Robert P. Panzer
Robert G. Stevens, Jr.[1]
Michael D. Brottman[1]
Tracey C. Hinson[1]
Benjamin T. Branche[1, 2, 3, 4, 5]
Lindsey Moskowitz Medvin[1]
Mark A. Fisher
Robert L. Lakind[1, 2]
Thomas J. Manzo[1]
Melissa Ruff
Jamie Yi Wang[7]
Bella Zaslavsky[1]
Blake J. Baron
Kathleen O'Brien

Friday, January 17, 2014

+Certified by the Supreme Court of
New Jersey as a Matrimonial Attorney
++Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
+++Certified by the Supreme Court of
New Jersey as a Criminal Trial Attorney
[1] Also Admitted in New York
[2] Also Admitted in Pennsylvania
[3] Also Admitted in the District of Columbia
[4] Also Admitted in Florida
[5] Also Admitted in Maryland
[6] Registered Patent Attorney with the
United States Patent and Trademark Office
[7] Admitted in New York only

**VIA ECF and FACSIMILE**

Hon. Mark Falk, U.S.M.J.
Frank R. Lautenberg U.S. P.O. & Courthouse
Room 457
1 Federal Square
Newark, New Jersey 07102

**RE:** *NIKE, INC. V. EASTERN PORTS CUSTOM BROKERS, INC., ET AL*
Civil Action No. 2:11-CV-04390-CCC-MF

Dear Magistrate Falk:

This firm represents defendants/third party defendants City Ocean International, Inc. ("International") and City Ocean Logistics, Co., LTD. ("Logistics") (collectively, "City Ocean") in the above matter.

On December 13, 2013, this Court issued an Order scheduling an in-person settlement conference for January 24, 2014 at 10:00 AM. The Order requires that the appropriate representatives for City Ocean with "full settlement authority" attend that conference. The Order further provides that:

> This means that the principal/CEO/President (or like representative) of both City Ocean International and City Ocean Logistics are required to attend the conference in person, not merely local representatives. Client representatives will not be excused from attending the conference in-person absent extraordinary circumstances.



A copy of the Court's Order, attached to this letter, was forwarded to City Ocean immediately upon its issuance by the Court.

As this Court is aware, and as is plaintiff Nike Inc. and its legal counsel are fully aware, Logistics is a Chinese company based in China.  It does not conduct operations in the United States and, other than Ms. Ava Lin, who appeared on behalf of Logistics at the last settlement conference (with full settlement authority granted), it has no other representatives in the U.S.  Despite being granted full settlement authority by International and Logistics for the conference in November 2013, the Court requested someone higher in management to appear on behalf of City Ocean and City Ocean is heeding the Court's directive.

At the time the Court issued the Order, Logistics was undergoing a restructuring of management, so initially it was not clear who from the company would attend the conference.  However, before the end of the year, "Marco" Hu was made Deputy CEO of the company and would be the appropriate person to attend the conference.  He applied to the Chinese authorities for permission to travel from China to the U.S. to attend the conference.  As of this date, his visa has not yet been approved or his travel interview conducted by the China authorities, despite efforts undertaken some time ago to apply for travel approval.

As the conference is one week from today, I duly notified Michael Holihan, Esq., counsel for Nike, to obtain consent to adjourn the settlement conference until (and if) we know when Mr. Hu's visa is approved, as it is certain that Mr. Hu will not be able to appear, despite the process being in motion.  Mr. Holihan denied that request.

Travel from China to the U.S. is not simply a matter of booking a flight, such as it is for Nike personnel who live in a totally free republic, the United States of America.  Permission must be granted by the Chinese authorities – a matter outside of legal counsel's control and my client's control.  To force City Ocean to attend the conference – knowing full well that Mr. Hu was not yet granted permission to leave the country – is forcing City Ocean to be in contempt of the Court's order.  This is unreasonable and unacceptable.

SZAFERMAN LAKIND

**Hon. Mark Falk, U.S.M.J.**
**January 17, 2014**
**Page 3 of 3**

As such, I would request that the conference be rescheduled by the Court without Nike's consent or that we schedule a telephone conference on this matter as soon as possible so that arguments may be made on the record.

I thank you for your time and attention to this important issue.

Respectfully submitted,

RICHARD A. CATALINA, JR.

RAC:amd

cc: All Counsel of Record via ECF (Mr. Holihan, Esq., also via email)

1001331v1

3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br><br>EASTERN PORTS CUSTOM BROKERS, INC., CITY OCEAN INTERNATIONAL, INC., AND CITY OCEAN LOGISTICS, LTD.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 11-4390 (CCC)<br><br><br><br>ORDER SCHEDULING CONFERENCE |

**THIS MATTER** having been scheduled for an in-person status and settlement conference on November 20, 2013, to be attended by counsel and client representatives with full settlement authority;

and the November 20th settlement conference having failed to proceed in the manner contemplated by the Court due to Defendant City Ocean's sudden change in counsel and the absence of City Ocean representatives with final decision-making authority;

and the Court having issued an Order on November 21, 2013, following the failed settlement conference, which details the history of this case and the reasons why the previous settlement conference did not proceed, *see* CM/ECF No. 105

and the Court having stated in the November 21, 2013 Order that the settlement conference would be rescheduled, and that representatives from the City Ocean entities with final decision-making authority would be required to attend the conference, *see id.*;

and in light of the Court's unfettered discretion to convene conferences when appropriate,

including with the parties (not just counsel) present in Court, *see, e.g.*, L. Civ. R. 16.1(a)(4); *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (court has broad discretion in manner and conduct of proceedings before it); *In re LeMarre*, 494 F.2d 753, 756 (6th Cir. 1974) ("We perceive of no grounds for denying the trial judge the power to require the attendance of any party to the case at any session of the court where the judge deems his presence to be necessary.");

**IT IS** on this 13th day of December 2013,

**ORDERED** that, there shall be an **in-person** status and settlement conference before the Undersigned on **January 24, 2014, at 10:00 a.m.** In addition to and wholly separate from counsel, individual client representatives with <u>full settlement authority</u> are required to attend the conference **in-person**. This means that the principal/CEO/President (or like representative) of both City Ocean International and City Ocean Logistics are required to attend the conference in-person, not merely local representatives. Client representatives will not be excused from attending the conference in-person absent extraordinary circumstances; and it is further

**ORDERED** that, failure to comply with any condition of this Order will result in the imposition of the full range of available sanctions, including the striking and dismissal of pleadings, entry of judgment, and monetary sanctions. *See* Fed. R. Civ. P. 16(f), 37.

**SO ORDERED**.

                                                     s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

2