**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> EASTERN PORTS CUSTOM BROKERS, INC. and VARIOUS JOHN DOES, JANE DOES, and XYZ COMPANIES, <br><br> Defendants. <br><br> EASTERN PORTS CUSTOM BROKERS, INC., <br><br> Third Party Plaintiff, <br><br> v. <br><br> CHINA SHIPPING CONTAINER LINES CO., LTD., CITY OCEAN INTERNATIONAL INC., CITY OCEAN LOGISTICS CO., LTD., and U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Third Party Defendants. | Civil Action No.: 2:11-cv-4390 (CCC)(JBC) <br><br> **ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on third party defendant China Shipping Container Lines Co., LTD's ("Third Party Defendant" or "CSCL") unopposed motion to dismiss third party plaintiff Eastern Ports Custom Brokers, Inc.'s ("Third Party Plaintiff" or "Eastern") Third Party Complaint [ECF No. 10] pursuant to Federal Rule of Civil Procedure 41(b). This matter is decided

without oral argument pursuant to Federal Rule of Civil Procedure 78. It appearing that:

1. CSCL seeks to dismiss Eastern's Third Party Complaint for failure to prosecute and failure to appoint new counsel in accordance with the Court's Order on April 22, 2013 [ECF No. 57]. The Third Party Complaint alleged negligence against multiple defendants and sought contribution and indemnity.

2. On March 4, 2013, the primary plaintiff informed the Court that Eastern would not be appearing at a scheduled deposition and was filing for dissolution [ECF No. 45]. Thereafter, Magistrate Judge Joseph A. Dickson entered a Letter Order extending the discovery deadline to April 15, 2013, warning that "impending" bankruptcy or dissolution would not stay discovery [ECF No. 47]. On March 12, counsel for Eastern, in a letter to the Court, indicated that Eastern's sole shareholder was no longer communicating with counsel [ECF No. 49]. On March 25, counsel for Eastern requested to withdraw from representation with Eastern's consent [ECF No. 51].

3. On April 22, 2013, the Court granted counsel's request and ordered Eastern to retain new counsel or appear *pro se* within thirty days of that Order [ECF No. 57]. The Order explicitly stated that "[i]f [Eastern] fails to retain new counsel within such time, appropriate sanctions may result, up to and including a default judgment being entered against it." Eastern failed to respond and on August 28, 2013 the Clerk of Court made an entry of default against Eastern in the primary case [ECF No. 75]. The instant motion followed on April 23, 2014 [ECF No. 127]. Eastern failed to oppose that motion.

4. Rule 41(b) provides that a defendant may move for dismissal, "if the plaintiff fails to prosecute or to comply with these rules or a court order." In the Third Circuit, a court's

discretion to dismiss a case for failure to prosecute is guided by the *Poulis* factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court must evaluate each of the six factors, but may dismiss a complaint even if all factors do not merit dismissal. Tech. Dev. Co. v. Onischenko, CIV.A.05-4282(MLC), 2009 WL 311162, *2 (D.N.J. Feb. 9, 2009) (citing Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir.1992)). "However, where a plaintiff has indicated a desire to abandon [its] case or has 'willfully refused to prosecute," the district court need not engage in a detailed examination of the *Poulis* factors. Porten v. Auto Zone, CIV.A. 10-2629 RMB J, 2011 WL 2038742, *1 (D.N.J. May 24, 2011) (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994)); see Sebrell ex rel. Sebrell v. Philadelphia Police Dep't, 159 Fed. Appx. 371, 373–74 (3d Cir. 2005); DiVito v. C.M.S. Dep't, Civil Action No. 05–0438, 2006 WL 756014, *3 (D.N.J. Mar. 17, 2006).

5. The Court has reviewed CSCL's submission and the history of this litigation. Eastern's total inaction since withdrawal of counsel approximately eighteen months ago "send[s] a clear message to this Court that [Eastern] has refused to prosecute and desires to abandon this case. Accordingly, the Court need not engage in a *Poulis* analysis" and the motion to dismiss is granted. Porten, 2011 WL 2038742, at *2 (holding *Poulis* analysis unnecessary where plaintiff failed to retain counsel or appear *pro se* in

3

violation of court order, failed to respond to discovery requests, and failed to oppose the motion to dismiss).

6. Nevertheless, had the Court considered the analysis in full, the Court would be compelled to the same result. Eastern, without counsel since April 22, 2013, bears full responsibility for its inaction in this case. See Porten, 2011 WL 2038742, at *2 (citing Clarke v. Nicholson, 153 Fed. Appx. 69, 73 (3d Cir. 2005), cert. den'd, 548 U.S. 907, 126 S.Ct. 2946, 165 L.Ed.2d 956 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation.")); DiVito, 2006 WL 756014, at *22 (stating that *pro se* plaintiffs bear full responsibility for failure to comply with discovery requests). Its unresponsiveness has left CSCL unable to engage in any form of discovery. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222–24 (3d Cir. 2003) (finding prejudice to defendant where plaintiff's delay and failure to comply with requests for discovery prevented defendant from preparing a defense). The period of inaction of at least eighteen months continues through the time of this Order. See Porten, 2011 WL 2038742, at *2 (four months of inaction merited dismissal where plaintiff failed to respond to discovery requests, motion to dismiss or court orders) (citing Poulis, 747 F.2d at 868); Borgesi v. Premier Immediate Med. Care, LLC, CIV. 11-1560 RMB/JS, 2013 WL 1786329, *2 (D.N.J. Apr. 1, 2013) (failure to respond over seven months merited dismissal). During that period, Eastern disregarded the Court's April 22 Order, the subsequent entry of default and failed to respond to the instant motion. See Sebrell, 159 Fed. Appx. at 374 (finding plaintiff's conduct "willful" where she failed to comply with court orders); DiVito, 2006 WL 756014, *3 ("[B]latant

disregard of clear court orders constitutes bad faith for the purposes of the *Poulis* factors."). Such total and extended inaction indicates that additional court orders or alternative sanctions would be ineffective. See Porten, 2011 WL 2038742, at *2 (finding the fifth factor to merit dismissal where plaintiff failed to comply with court orders and chose not to participate in discovery); Rivera v. Capelli, CIV. 10-5546 RBK/JS, 2012 WL 1623581, *2 (D.N.J. Feb. 16, 2012) (alternative sanctions held to be ineffective where plaintiff failed to respond to discovery, appear for deposition or comply with court order). Finally, Eastern's refusal to prosecute its case has resulted in minimal discovery such that the court cannot effectively assess the merit of its claims. See Porten, 2011 WL 2038742, at *2 (declining to assess the sixth factor where hampered by plaintiff's failure to engage in discovery).

Accordingly, **IT IS** on this 19th day of November, 2014

**ORDERED** that the Third Party Defendant's motion to dismiss for failure to prosecute pursuant to Rule 41(b) is **GRANTED** with respect to all defendants; and it is further,

**ORDERED** that the Clerk of the Court shall terminate the third party complaint in this matter.

**SO ORDERED.**

**HON. CLAIRE C. CECCHI**
**United States District Judge**

5