RAC Jr (4462)
Civil Action No. 2:11-cv-04390-CCC-JBC

RICHARD A. CATALINA, JR., ESQ. (RC 4462)
SZAFERMAN LAKIND BLUMSTEIN & BLADER PC
101 GROVERS MILL ROAD, SUITE 200
LAWRENCEVILLE, NEW JERSEY 08648
609.275.0400
ATTORNEY FOR DEFENDANTS
   CITY OCEAN INTERNATIONAL, INC. AND
   CITY OCEAN LOGISTICS, CO., LTD

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE, INC.,<br><br>              **Plaintiff,**<br><br>v.<br><br>EASTERN PORTS CUSTOM BROKERS, INC.; CITY OCEAN INTERNATIONAL, INC.; CITY OCEAN LOGISTICS, CO., LTD. and VARIOUS JOHN DOES, JANE DOES and XYC COMPANIES,<br><br>              **Defendants.** | Civil Action<br>No. 2:11-cv-04390-CCC-JBC<br><br>DECLARATION OF<br>RICHARD A. CATALINA, JR.<br><br>IN OPPOSITIOIN TO MOTION TO STRIKE BY PLAINTIFF NIKE, INC.<br><br>AND<br><br>IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CITY OCEAN LOGISTICS, INC. |
| EASTERN PORTS CUSTOM BROKERS, INC.,<br><br>              **Third-Party Plaintiff,**<br><br>v.<br><br>CHINA SHIPPING CONTAINER LINES CO., LTD., CITY OCEAN INTERNATIONAL, INC., CITY OCEAN LOGISTICS CO., LTD., AND U.S. CUSTOMS AND BORDER PROTECTION,<br><br>              **Third-Party Defendants.** | |

      **RICHARD A. CATALINA, JR., ESQ.,** of full age and under penalty of perjury, hereby declares as follows:

1551231.2

1. I am attorney at law in the State of New Jersey and Of Counsel in the law firm of Szaferman Lakind Blumstein & Blader, PC, attorneys for defendants City Ocean Logistics, Ltd. ("COL") and City Ocean International, Inc. ("COI") (collectively, the "City Ocean Defendants") in this matter.

2. This Declaration is made on behalf of the motion by plaintiff NIKE, Inc. ("Nike") to strike various declaration testimony submitted by the City Ocean Defendants in support of each defendant's pending Motion for Summary Judgment.

3. Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

4. Nike opposes, objects to and seeks to strike the respective Declarations of Marco Hu, Assistant CEO to COL (the "Hu Declarations"), that were submitted in support of both summary judgment motions by the City Ocean Defendants. While Nike expresses surprise and asserts that the submission of the Hu Declarations was the first time that COL disclosed the existence of Mr. Hu, that is not true. In fact, Nike's corporate representative and counsel personally met Mr. Hu at a Court-ordered settlement conference in March 2014. Mr. Hu traveled from China, on the express order of Magistrate Mark Falk, U.S.M.J., to participate in the settlement conference as a top-level executive with full settlement authority.

5. The City Ocean Defendants have since amended their Answers to Interrogatories and Rule 26(a)(1) disclosures to include Mr. Hu. Attached to this Declaration as **Exhibit A** is a copy of the City Ocean Defendants' Fourth Amended Answers to Interrogatories. Attached to this Declaration as **Exhibit B** is a copy of the

**2**

City Ocean Defendants' Amended Rule 26(a)(1) disclosures. Both documents have been submitted to Nike's counsel.

6. It is critical to this motion to note that Mr. Hu only attained the position of Assistant CEO in January 2014. Significantly, this was after the fact discovery period closed in October 2013. Moreover, while Mr. Hu had been employed with COL for quite some time, his importance to this litigation only became apparent when he took on the role of Assistant CEO in 2014.

7. It is also important to note that up until November 2013, the City Ocean Defendants were not represented by current counsel. As noted in prior submissions in this matter, see, *e.g.*, Docket 104, there were a number of acts of negligence and mismanagement by prior counsel and the City Ocean Defendants, as the parties to this action, should not be penalized as a result of the failure by prior counsel to conduct a thorough factual investigation for discovery purposes. The City Ocean Defendants have been actively cooperating in this litigation with current counsel to rectify the errors committed by prior counsel.

8. Nike's asserted claims of prejudice in response to the Hu Declarations is the lack of ability to test Mr. Hu's testimony. On behalf of the City Ocean Defendants, I previously offered to Nike's legal counsel to make Mr. Hu available for deposition. That offer remains open and Mr. Hu will always be made available for deposition.

9. In addition, the City Ocean Defendants are offering to cover the court reporter cost (including transcripts) that would be incurred by Nike to take Mr. Hu's deposition testimony.

10. If this Court is inclined to strike all or most of Marco Hu's Declaration, however, the Court should consider replacing the Hu Declarations with that of Li Yong Mei. See **Exhibit C**. Ms. Mei was previously designated as a corporate representative by both City Ocean Defendants and she has been deposed on two separate occasions by Nike's legal counsel.

## CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that if any statements are made willfully false that I am subject to punishment.

**Richard A. Catalina, Esq.**

**Dated**: March 10, 2015