# EXHIBIT A

TO THE DECLARATION OF RICHARD A. CATALINA, JR., ESQ., SUBMITTED IN OPPOSITION TO THE MOTION TO STRIKE BY PLAINTIFF NIKE, INC. AND IN FURTHER SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CITY OCEAN LOGISTICS, CO., LTD.

RICHARD A. CATALINA, JR., ESQ. (RC 4462)
SZAFERMAN, LAKIND,
 BLUMSTEIN & BLADER, P.C.
101 GROVERS MILL ROAD, SUITE 200
LAWRENCEVILLE, NEW JERSEY 08648
TELEPHONE 609.275.0400
FACSIMILE  609.275.4511
ATTORNEY FOR DEFENDANTS
    CITY OCEAN INTERNATIONAL, INC.
    AND
    CITY OCEAN LOGISTICS, CO., LTD

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>EASTERN PORTS CUSTOM BROKERS, INC.; CITY OCEAN INTERNATIONAL, INC.; CITY OCEAN LOGISTICS, CO., LTD. and VARIOUS JOHN DOES, JANE DOES and XYC COMPANIES,<br><br>　　　　　　　Defendants. | Civil Action<br><br>No. 2:11-cv-04390-CCC-MF<br><br><br>FOURTH AMENDED RESPONSES TO INTERROGATORIES |
| EASTERN PORTS CUSTOM BROKERS, INC.,<br><br>　　　　　　　Third-Party Plaintiff,<br><br>v.<br><br>CHINA SHIPPING CONTAINER LINES CO., LTD., CITY OCEAN INTERNATIONAL, INC., CITY OCEAN LOGISTICS CO., LTD., AND U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　　　　Third-Party Defendants. | |

Safia A. Anand, Esq.
OLSHAN GRUNDMAN FROME
    ROSENZWEIG & WOLOSKY LLP
744 Broad Street, 16th Floor
Newark, New Jersey 07102

Mike Holihan, Esq.
HOLIHAN LAW
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751

## DEFENDANTS CITY OCEAN INTERNATIONAL, INC., AND CITY OCEAN LOGISTICS CO., LTD.'S FOURTH AMENDED RESPONSES TO INTERROGATORIES

Defendants, City Ocean International, Inc. ("City Ocean International") and City Ocean Logistics Co., Ltd. ("City Ocean Logistics") (collectively, both defendants the "City Ocean Defendants"), pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedures and the Rules of the United States District Court of New Jersey, hereby supplement their answers to Plaintiff's Third Set of Interrogatories as follows herein below.

The City Ocean Defendants, without making any admissions or waivers, repeats and reiterates all objections and responses as provided in their previous responses to the Plaintiff's First Set of Interrogatories, subject to the following amendments, and makes specific reference to the responses for which they are providing additional and supplemental information.

## SUPPLEMENTAL RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 7

Identify the City Ocean employee or agent with the most knowledge concerning City Ocean's arranging for the transportation of the shipments attached hereto on Exhibit "C" from China to the United States.

### SUPPLEMENTAL ANSWER:

The individuals with the most knowledge concerning the arrangement by the City Ocean Defendants (either or both) for the transportation of the shipments identified in Exhibit "C" to Nike's First Set of Interrogatories from China to the United States are as follows:

> Ava Lin
> Branch Manager, New Jersey Office
> City Ocean International, Inc.
> 485A Route 1 South, Suite 330
> Iselin, New Jersey 08830

Alice Zhou
1 Chuanye Road, Apt#16G
Xiandaihuating, Nanshan District
Shenzhen, China

Yu Xin Qian a/k/a Alice Qian
880 Sunset Place
Diamond Bar, California 91765

Li Yong Mei a/k/a MeiMei
Office Supervisor
City Ocean Logistics Co., Ltd.
22F., A Bldg. Aerospace Skyscraper
No.4019 Shennan Road
Futian District, Shenzhen, China 518026

Junjie Hu a/k/a Marco Hu
Assistant to CEO/Board Chair
City Ocean Logistics Co., Ltd.
22F., A Bldg. Aerospace Skyscraper
No.4019 Shennan Road
Futian District, Shenzhen, China 518026

Please note that Alice Zhou and Alice Qian are no longer employed by City Ocean. The information provided is the last known address of said individuals.

**INTERROGATORY NO. 11:**

Identify all persons you intend to call as fact witnesses in your defense of Eastern Port's Claims.

**SUPPLEMENTAL ANSWER:**

While Eastern Ports is no longer pursuing claims against the City Ocean Defendants, the City Ocean Defendants would call as fact witnesses the individuals listed in their Supplemental Answer to Interrogatory No. 7, above, in their defense to the allegations asserted against them by Eastern Ports.

### INTERROGATORY NO. 15:

State all facts, identify all documents which evidence such facts, and identify all persons with knowledge of such facts which support your denial, if any, of the Request for Admissions propounded concurrently with these Interrogatories.

### SUPPLEMENTAL ANSWER:

The individuals with knowledge of the facts which support the response(s) by the City Ocean Defendants to the Request for Admissions are those individuals listed by the City Ocean Defendants in their Supplemental Answer to Interrogatory No. 7, above. All documents responsive to this interrogatory have previously been produced and the City Ocean Defendants are not aware of any such additional documents responsive to those requests. In addition, the City Ocean Defendants incorporate herein in this Supplemental Answer their responses, as amended accordingly, to Interrogatories No. 13, 14 and 16.

### INTERROGATORY NO. 16.

State all facts, identify all documents which evidence such facts, and identify all persons with knowledge of such facts which support any defense asserted in your Answer to Eastern Port Third Party Complaint.

### SUPPLEMENTAL ANSWER:

See the City Ocean Defendant's Supplemental Answers to Interrogatories No. 13-14, above. The individuals with knowledge of the facts which support the City Ocean Defendant's respective defenses to this action are those individuals listed by the City Ocean Defendants in their Supplemental Answer to Interrogatory No. 7, above.

City Ocean Logistics does not have a formal document retention policy for the relevant time period to the present and is under no legal obligation whatsoever to retain or maintain documents for any period of time under either U.S. or Chinese law. All documents created or generated in connection with shipments arranged by City Ocean Logistics are initially retained in its primary

main office located in Shenzhen. City Ocean Logistics arranges for approximately 60,000-80,000 shipments (import and export) on an annual basis, thereby generating hundreds of thousands of pages of documents in its shipping files annually. Based on circumstances and availability of space within its office, City Ocean Logistics will transport, on an as needed basis, shipping files to its employee housing facility in use at that time, where files are retained, informally, as space allows. When circumstances so require, shipping files are discarded from the employee housing space. There exists no written or unwritten policy, procedure, system or method regarding retention and the discarding of shipping files from the employee housing facility.

Shipping files that have been relocated to City Ocean Logistics' employee housing facility are also routinely discarded when the employee housing facility is physically relocated. City Ocean Logistics' main office has remained at the same location for all time periods relevant to this matter; however, City Ocean Logistics' employee housing facility has relocated at least three times during the relevant time frame. From January 15, 2009 through January 14, 2010, the employee housing facility was located at Room 1503, Block C, Dongbin Road, Nanshan District, Shenzhen, Guangdong (P-00371 – P-00372). For that time period, therefore, as dictated by space requirements at its main office, City Ocean Logistics would have transferred shipping files, in no particular order, method or system, from its main office to the employee housing facility located at this address.

Subsequent thereto, the employee housing facility was relocated to 4B, 3rd Block, Tianwei Garden, Futian District, Shenzhen, for the time period of January 14, 2010 through April 23, 2011 (P-00373 – P-00374). While the written lease is for one year, there existed an oral agreement between City Ocean Logistics and the landlord of the facility to extend the lease on a

month to month basis for approximately three months after it naturally terminated in January 2011. For this time period, therefore, as dictated by space requirements at its main office, City Ocean Logistics would have transferred shipping files, in no particular order, method or system, from its main office to the employee housing facility located at this address.

Commencing in or about April 2011, the employee housing facility was relocated to Room 1903, 2nd Block, Dongjing Garden, Futian District, Shenzhen, for the time period of April 24, 2011 through July 29, 2012 (P-00375 – P00376). For this time period, therefore, as dictated by space requirements at its main office, City Ocean Logistics would have transferred shipping files, in no particular order, method or system, from its main office to the employee housing facility located at this address. Each time the employee housing facility was relocated, in accordance with the above, shipping files located at the housing facility were discarded as part of the relocation process.

The above locations represent the only locations, aside from the main office, wherein City Ocean Logistics maintained or stored its shipping documents for the time period relevant to this litigation. In light of the fact that City Ocean Logistics did not have a formal document retention policy during the relevant time period, documents were discarded by City Ocean Logistics as circumstances so required depending on the availability of space at its employee housing facility and whenever the employee housing facility was relocated.

The above represents the process followed by City Ocean Logistics with regard to document retention. As the City Ocean Defendants have continued their investigation in this regard with current counsel, which the City Ocean Defendants only retained in November 2014 after being represented by inadequate legal counsel for approximately two years since being served with the Third Party Complaint by prior defendant Eastern Ports, the City Ocean Defendants state that

any previous representations made in this litigation contrary to the foregoing, including representations made by prior counsel in his EIMS Report, were inaccurate and the City Ocean Defendants are amending their answers to interrogatories as mandated by the Court Rules. While there purports to be a document retention policy as to certain "relevant documents" set forth in a Trade Manual, produced at P-000289 through P-000297, continued investigation concludes that any proposed policy purportedly set forth therein was never implemented by City Ocean Logistics, nor provided to any employee during the relevant time frame. During the relevant time frame, City Ocean Logistics did not have a formal document retention policy of any kind whatsoever, written or unwritten, nor was it required to do so under any U.S. or Chinese rule, law or regulation.

As to City Ocean International, its document retention policy is fully compliant with all statutes and regulations promulgated by Congress and the FMC as noted in the supplemental response to Interrogatories No. 13-14, above.

The City Ocean Defendants continue to assert and preserve their right to amend their responses to Interrogatories and provide any previous unknown factual matter, document, information, and the like, as the City Ocean Defendants become aware of same, particularly in light of many false, misleading, inaccurate factual assertions and statements advanced by prior counsel.

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.

/s/ Richard A. Catalina, Jr., Esq./
RICHARD A. CATALINA, JR.

DATED: January 28, 2015

## CERTIFICATION

The undersigned, on behalf of the City Ocean Defendants, being first duly sworn, declares, deposes and states as follows. I am a Branch Manager of Defendant City Ocean International, Inc., and as such, I am authorized and qualified to make this verification on behalf of Defendants City Ocean International, Inc., and City Ocean Logistics Co., Ltd. I am fully informed and believe that the information set forth in the foregoing third amended answers to interrogatories was obtained and assembled by employees of the City Ocean Defendants and others, from the appropriate sources of information including the City Ocean Defendants' records, files and personnel; and on those grounds, reserving the right to make changes if it appears at any time that omissions or errors have been made therein, or that more accurate information becomes available. I allege that the matters stated herein are true to the best of my knowledge, information and belief.

Ava Lin

DATED: Feb. 5th 2015