**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NIKE, INC.,** | **Civil Action No. 11-4390 (CCC)** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **EASTERN PORTS CUSTOM BROKERS, INC., et al.,** | |
| Defendants. | |

**CLARK, Magistrate Judge**

  **THIS MATTER** comes before the Court on a motion by Plaintiff Nike, Inc. ("Nike" or "Plaintiff") for leave to amend its Complaint and conduct limited expedited discovery [Dkt. No. 223].[1] Defendants City Ocean International, Inc. ("International") and City Ocean Logistics, Co., LTD ("Logistics") (collectively "City Ocean" or "Defendants") oppose Plaintiff's motion [Dkt. No. 225]. For the reasons set forth below, Plaintiff's motion for leave to conduct limited expedited discovery and amend its Complaint [Dkt. No. 223] is **DENIED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

  The Court's July 18, 2018 Opinion granting Plaintiff's motion for summary judgment with respect to certain counts on the issue of liability and denying Defendants' cross-motion for summary judgment [Dkt. No. 203] includes a detailed recounting of the background of this matter. Accordingly, this Opinion and Order discusses only the facts and procedural history relevant to the present motion.

---

[1] Additionally, Plaintiff's motion requests that the Court set a date for trial in this matter. Once all outstanding issues have been resolved, including disposition of Defendants' pending motion to certify the Court's summary judgment order for an interlocutory appeal [Dkt. No. 226], the Court will schedule a final pretrial conference in this matter.

Plaintiff is an American corporation that advertises and sells footwear and related footwear products throughout the United States. Dkt. No. 68, ¶¶ 3, 8. Plaintiff possesses Federal Trademark registrations for several widely recognized trademarks including "Nike," "Swoosh Design," "Swoosh," "Nike Air," and "Air Force 1." Dkt. No. 68, ¶¶ 8, 10. Plaintiff's marks are recorded with the United States Department of Treasury and the United States Customs and Border Protection ("Customs"). Dkt No. 68, ¶ 10; Dkt. No. 143-1, ¶ 4.

International is an ocean transportation intermediary and non-vessel operating common carrier ("NVOCC") organized in California and doing business in California and New Jersey that arranges for various third-party transportation services related to the shipment of cargo to and from the United States. Dkt. No. 147-1, ¶¶ 12-15.

Logistics is an ocean transportation intermediary and NVOCC organized under the laws of China that arranges for third-party transportation services related to the export of goods from China. Dkt. No. 147-1, ¶¶ 1, 4.

In March 2009, Customs seized two shipments at the Port of Newark containing 20,320 pairs of counterfeit Nike footwear. Dkt. No. 68, ¶¶ 16, 21. Customs provided Plaintiff with a sample of the seized counterfeit footwear. Dkt. No. 143-1, ¶ 6. Plaintiff then determined that the sample of the seized counterfeit footwear bore at least eight registered Nike trademarks. Dkt. No. 143-1, ¶ 8.

On or about July 28, 2011, Plaintiff filed its Complaint against defendant Eastern Ports Custom Brokers, Inc. ("Eastern Ports") alleging various infringement and counterfeit claims. Dkt. No. 1. Eastern Ports then asserted third party claims against City Ocean. Dkt. No. 10. The Pretrial Scheduling Order was entered in this matter on May 14, 2012. Dkt. No. 37. On August 13, 2013, Plaintiff subsequently amended its complaint to include City Ocean as Defendants. Dkt. No. 68.

Fact discovery in this matter closed on October 15, 2013 [Dkt. No. 70], and expert discovery closed on May 31, 2014 [Dkt. No. 128]. On September 15, 2014, the parties jointly submitted a request to file dispositive motions, which was granted [Dkt. Nos. 136, 137].

On December 19, 2014, the parties filed their respective motions for summary judgment. *See* Dkt. Nos. 143, 147-48. The motions were opposed. On July 18, 2018, the Court granted Plaintiff's motion for summary judgment on the issue of liability with respect to Counts I, II, III, V, and VI of its Amended Complaint, and denied Defendants' cross-motion for summary judgment. Dkt. No. 204. The Court reserved jurisdiction "for purposes of determining damages with respect to such Counts." Dkt. No. 204 at p. 2.

Plaintiff now seeks leave to file a Second Amended Complaint to identify ten additional registered Nike trademarks that were included in the same 2009 shipments. Plaintiff provides no explanation for its failure to include the ten additional registered trademarks in its previous pleadings. Plaintiff also seeks leave to conduct additional "limited expedited discovery" focusing in particular on expert testimony pertaining to damages. Plaintiff, contending that its prior discovery efforts were not "focused solely" on damages, now seeks additional discovery to strengthen its claims for damages. Dkt. No. 223 at p. 5.

## II. DISCUSSION

### A. Motion to Amend

First, the Court addresses Plaintiff's motion for leave to file a Second Amended Complaint. "The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v. Pittsburgh Glass Works, LLC*, No. 10–1283, 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written

consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo,* 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). In situations such as the present, where a party seeks to amend "after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id.* at *2; *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.,* 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed). "Rule 16 governs in these situations rather than Rule 15 because scheduling orders would otherwise 'be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.'" *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (citation omitted).

The initial Pretrial Scheduling Order in this matter was entered on May 14, 2012 and set forth a deadline for moving to amend pleadings of August 15, 2012. *See* Dkt. No. 37 at ¶ 14. Plaintiff filed a letter request to amend on February 27, 2019 [Dkt. No. 216], which City Ocean opposed on March 18, 2019 [Dkt. No. 219]. At the Court's direction, Plaintiff filed the present motion on March 22, 2019 [Dkt. No. 223].

In light of Plaintiff's motion to amend being filed well after the expiration of the August 15, 2012 deadline, the Court first determines whether Plaintiff has demonstrated "good cause" under Rule 16. Rule 16 authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 469 (D.N.J. Oct. 19, 1990) (quoting Fed. R. Civ. P. 16 advisory committee's note to

1983 amendment); *see also Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment; *see also Harrison,* 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."). The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and accordingly, for the Court to allow its proposed amended pleading. *Prince v. Aiellos,* No. 09–5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham v. Progressive Direct Ins.*, 271 F.R.D. 112, 118 (W.D.Pa. 2010)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.,* No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch. Dist.,* 501 F. Supp. 2d 695, 702 (E.D.Pa. Aug.8, 2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment ("[T]he court

may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings*, 2009 WL 2905471, at *16 (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark*, No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Dimensional Commc'n.,* 148 F. App'x at 85 (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment). "The Third Circuit has also held that good cause may not exist where the party seeking to amend after the court's deadline did not 'specif[y] what led it to decide that [additional claims] could be pled or why information from independent sources could not have been obtained earlier.'" *United States v. APS Contracting, Inc.*, No. 11–779, 2013 WL 530576, at *4 (D.N.J. Feb. 11, 2013) (citation omitted).

The Court now addresses whether Plaintiff has demonstrated good cause for its failure to move to add the additional registered Nike trademarks within the August 15, 2012 deadline. In opposition to Plaintiff's motion, Defendant contends that the additional claims were "known to

Nike before it brought this litigation" and that Plaintiff has failed to offer any explanation as to why the additional claims were not included in Plaintiff's initial Complaint or added by Plaintiff when it filed its Amended Complaint in 2013. Dkt. No. 225 at p. 10. The Court agrees. Plaintiff openly acknowledges that the additional marks "were always shown on the Seizure Sample, which is part of the record and has been available to City Ocean since Nike's initial disclosures in 2011." Dkt. No. 223-1 at pp. 11-12. Thus, it is undisputed that Plaintiff possessed knowledge of the additional claims at the time this action was filed. The failure to timely move to amend the additional claims despite the admitted possession of the knowledge required to do so may not have been fatal to Plaintiff's present request had Plaintiff offered a satisfactory explanation for its delay. However, Plaintiff's motion is devoid of any justification or explanation as to why it now, more than six years since the expiration of the August 2012 deadline, seeks to amend to add the claims. Accordingly, because Plaintiff has not offered any explanation for its failure to move to add the additional claims before the August 15, 2012 deadline, or at any point within a reasonable time thereafter, the Court finds that Plaintiff has failed to demonstrate the requisite good cause under Rule 16 and Plaintiff's request for leave to amend is therefore **DENIED**.

**B. Motion to Reopen Discovery**

The Court now turns to Plaintiff's request to conduct additional, limited expedited discovery. Specifically, Plaintiff requests leave to reopen discovery to "produce additional documents, amend its initial disclosures and discovery responses to identify additional witnesses, with knowledge relevant to its trademarks and damages, and produce expert reports." Dkt. No. 223-1 at p. 6.

"Scheduling orders may only be modified to reopen discovery for 'good cause and with the judge's consent.'" *Goldrich v. City of Jersey City*, No. 15–885, 2018 WL 3360764, at *1

(D.N.J. July 10, 2018) (quoting Fed. R. Civ. P. 16(b)(4)). In considering whether to reopen discovery, courts have evaluated "(1) the good faith and diligence of the moving party, (2) the importance of the evidence, (3) the logistical burdens and benefits of re-opening discovery, [and] (4) prejudice to the nonmoving party." *Id.* (quotations and citation omitted). "The importance of the evidence is often the most significant factor." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012). However, "parties may not use their obligation to supplement [under Rule 26(e)] as an excuse to violate the clear terms of a Scheduling Order, unilaterally buying themselves additional time to make disclosures, thereby unduly prejudicing other parties and potentially delaying the progress of a case." *Abbott Labs. v. Lupin Ltd.*, No. 09–152, 2011 WL 1897322, at *3 (D.Del. May 19, 2011). "As a general rule, when courts order all factual discovery, including fact witness depositions, to be completed by a certain date, supplemental disclosure of witnesses after that date is untimely." *Baptiste v. Rohn*, No. 13–0104, 2016 WL 1060237, at *2 (D.V.I. Mar. 15, 2016).

First, the Court addresses the good faith and diligence of the moving party. Defendants do not suggest that Plaintiff's motion results from bad faith, but argue that Plaintiff has lacked diligence in failing to timely pursue the discovery it now seeks during the discovery period in this matter. Fact discovery closed on October 15, 2013 [Dkt. No. 70], and expert discovery closed on May 31, 2014 [Dkt. No. 128]. Plaintiff contends that it requires the additional discovery now—over five years since each respective discovery period closed—because of the "passage of so much time" and because "[e]xpert discovery to date in this matter has been largely limited to liability issues . . . ." Dkt. No. 223-1 at pp. 5-6.

The lengthy pendency of this matter, while regrettable, does not excuse Plaintiff's lack of diligence is pursuing relevant discovery available to it during the discovery period in this matter.

As to Plaintiff's statement that discovery has been "largely limited to liability issues," the Court notes that discovery in this matter was not bifurcated nor was there any other restriction placed on Plaintiff's ability to pursue expert discovery on damages. Thus, any failure by Plaintiff to pursue expert discovery on the issues of damages was either intentional on Plaintiff's part or resulted from a lack of diligence and weighs against granting Plaintiff's present request.

Next, the Court turns to the importance of the evidence Plaintiff seeks to include. Plaintiff contends that the additional discovery will "help facilitate the full and complete resolution of the claims," and that "expert testimony on damages, in particular, is important because it would be helpful to the Parties, the jury and the Court." Dkt. No. 223-1 at p. 9. Plaintiff cites to *Alberts v. Bumgardner*, No. 13–5538, 2018 WL 5294512 (D.N.J. Oct. 25, 2018) and *Virginia St. Fidelco, L.L.C.* v. *Orbis Prod. Corp.*, No. 11–2057, 2017 WL 2335642 (D.N.J. May 30, 2017) in support of its position.

In *Alberts*, the plaintiff, in response to the Court's decision barring her expert reports based upon identified deficiencies, sought to supplement her expert reports to obtain expert discovery that was essential to her claims. *Alberts*, 2018 WL 5394512, at *2. Similarly, in *Virginia St. Fidelco*, the plaintiffs' request for additional discovery was essential to plaintiffs' claims, and sought only after a court's identification of significant deficiencies. *Virginia St. Fidelco*, 2017 WL 233564, at *3. In the present matter, Plaintiff does not contend that the requested discovery is essential to its claims and no deficiencies in Plaintiff's expert reports have been identified by the Court. Rather, Plaintiff claims only that the requested discovery is "relevant" and will be "helpful." While such discovery would undoubtedly be helpful to Plaintiff to bolster its claim for damages, Plaintiff has failed to explain the importance of such evidence or identify any difficulty it would

face in proceeding without it. Accordingly, the Court finds that the importance factor weighs against Plaintiff.

Finally, the Court considers the burden and prejudice of Plaintiff's request. This litigation has been pending for over eight years. Discovery has long been concluded and summary judgment has been decided. Reopening discovery at this stage in the litigation would undoubtedly and unduly delay the resolution of this matter. Plaintiff relies on the fact that no trial date has been set to support its claim that the order and efficiency of the proceedings would not be disrupted. Dkt. No. 223-1 at p. 8. The Court finds this unpersuasive. Plaintiff's proposed scheduling order contemplates, at the very least, depositions of additional fact witnesses, identifying additional experts, exchanging additional expert reports, and additional depositions pertaining to damages. Although no trial date has been set, the time necessary to complete such discovery will likely be substantial. The Court is also highly sympathetic to the prejudice Defendants would suffer as a result of reopening discovery. Defendants expect that they will have to expend "substantial additional legal, litigation and expert fees" Dkt. No. 225 at p. 20. Although the anticipated expenses are largely speculative, the Court undoubtedly agrees that Defendants will have to expend substantial additional effort and expense to respond to Plaintiff's newly identified witnesses and experts, which will indeed cause Defendants to suffer at least some prejudice, which will likely not be curable. Accordingly, the Court finds the final two factors weigh against Plaintiff. Based on the foregoing, the Court finds that Plaintiff has not shown good cause to reopen discovery, thus Plaintiff's motion to conduct limited expedited discovery is **DENIED**.

## III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 16th day of October, 2019,

**ORDERED** that Plaintiff's motion [Dkt. No. 223] is **DENIED** in its entirety.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**