UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

NIKE, INC.,                                          :

      Plaintiff,                                 :         Civil Action No. 11-4390 (CCC)

      v.                                              :

EASTERN PORTS CUSTOM                   :         **OPINION AND ORDER**
BROKERS INC., et al.,
                                 :

      Defendants.
_____:


Presently before the Court is a letter motion by Plaintiff Nike

Incorporated (hereinafter "Nike") seeking an award of costs and attorney's fees

relating to Nike's attendance at a January 24, 2014 settlement conference with

Defendants City Ocean Logistics Co., Inc. (hereinafter "City Logistics"), and City

Ocean International , Inc. (hereinafter "City International").  Defendants City

Logistics and City International oppose the motion.  Presently before the Court for

consideration are Plaintiff's Letter Motion, see Docket No. 112, and the Letter

Response of Defendants City Logistics and City International.  See Docket No.

119.  For the reasons set forth herein, Plaintiff's application is denied.

This is a counterfeiting case brought by Nike against two cargo transportation companies, City Logistics and City International. While the Plaintiff in its Letter Motion engages in a rather lengthy discussion of the factual and litigative background of the case -- much of which is disputed by Defendants in their submission -- the Court for purposes of this decision will assume the parties' general familiarity with the facts underlying the case and will instead focus on the facts directly related to the current application.

As regards those facts, Plaintiff states that on September 23, 2013, this Court held a telephone conference wherein the Court informed the Parties that it would hold a settlement conference at which all parties were expected to bring representatives with full settlement authority. During this call, the Court apparently informed City Logistics that an appropriate person with full settlement authority would have to appear from China for the conference. That call was followed by an October 15, 2013 Order which set a date for the conference and indicated that "individual client representatives with full settlement authority are required to attend the conference **in-person."** See Docket No. 98 (emphasis in original).

The Court thereafter conducted a settlement conference on November 20, 2013. According to Plaintiff, neither City Logistics nor City International sent a client representative "with full settlement authority" to the conference, but rather

they relied on a Ms. Ava Lin, the local branch manager for City International, to
serve as their client representative.  Plaintiff further relates that, given Defendants'
failure to send an appropriate representative, the Court told the parties that it would
allow Nike to file a motion for its fees and costs associated with its attendance at
the conference.  The Court also scheduled another settlement conference and,
according to Plaintiff, informed the Defendants that they would be subject to
sanctions if a party representative from California and China did not attend.  On
December 13, 2013, the Court entered an Order formally setting a conference date
of January 24, 2014, and indicating that individual client representatives with full
settlement authority (namely, "the principal/CEO/ President (or like representative)
of both City Ocean International and City Ocean Logistics … [and] not merely
local representatives") were required to attend and that "[c]lient representatives
will not be excused from attending the conference in-person absent extraordinary
circumstances[.]" See Docket No. 106.

Plaintiff states that on December 20, 2013, counsel for Nike and City
Ocean discussed the settlement conference and other discovery issues during a
telephone call.  At that time, Plaintiff asserts, counsel for Defendants informed
Nike's counsel that a representative of City Logistics might have problems
attending the conference on January 24, 2014, as the Chinese New Year
celebrations would begin on January 31, 2014.  Subsequently, on January 17, 2014,

counsel for Defendants alerted Nike's counsel that a representative of City

Logistics would not be able to attend the January 24th conference due to Chinese

visa issues. Counsel for Defendants told counsel for Plaintiff that he had first

learned of this from Ms. Lin two days earlier, on January 15, 2013, and that Ms.

Lin had informed him that a City Logistics' representative would "likely" be

available to attend a conference "near the end of March." Given prior events,

Plaintiff's counsel determined that it would not consent to Defendants' request to

reschedule the conference. Later that day, City Ocean filed a letter with the Court

requesting that the settlement conference be rescheduled. On January 23, 2014, the

Court held a telephone conference during which it instructed counsel that the

hearing would go ahead as scheduled.

Plaintiff states that no City Logistics representative from China attended

the settlement conference on January 24, 2014, and that once again Ms. Lin

appeared as its representative. Plaintiff further notes that, at the end of that

conference, counsel for Defendants informed the Court that without the presence

of a City Logistics representative, City International was not in a position to

make any substantive settlement offer to resolve their portion of the case. As a

result, Plaintiff claims that the Defendants had once again wasted the Court's

time and that Plaintiff had again incurred the costs associated with its

representative traveling to New Jersey from Oregon, as well and the legal costs

associated with attendance by Plaintiff's counsel.  Consequently, Plaintiff filed the present Letter Motion, seeking an award of costs and attorney's fees relating to Plaintiff's attendance at the January 24, 2014 settlement conference and urging that such sanctions "will not only make Nike whole, but will send a strong message to City Logistics that the Court' s orders shall not be ignored."  See Docket No., 112, at 7.

In response to Plaintiff's statement of the facts underlying the present application, Defendants City Logistics and City International begin by insisting, contrary to Plaintiff's assertions, that Ms. Lin did have full settlement authority when she appeared as Defendants' representative at the November, 2013 settlement conference, as evidenced by two letters produced to the Court in camera at that conference.  See Docket No. 119, Exhibits A & B.  Defendants further note that no adverse findings have ever been made regarding the veracity of this assertion, nor have any hearings been conducted to test it.  The Defendants go on to admit, however, that despite the foregoing the Court indicated in its Order of December 13, 2013, that it would require the attendance of higher-level, non-local officials of the Defendants at the subsequent January 24, 2014 settlement conference.  Defendants assert that, as the only appropriate higher-level officials for City Logistics were to be found in China, they took immediate steps to secure permission from the Chinese authorities to allow said officials to

leave China in order to attend the January 24th conference.  Unfortunately, despite their diligent and timely efforts, the Defendants had not been able to secure the requisite permission within a week of the scheduled conference. Accordingly, as soon as possible the Defendants first sought consent from the Plaintiff and then permission from the Court to adjourn the conference, both of which were denied.   As a result, Defendants state that they participated at the January 24th counsel through counsel, with Ms. Ava Lin serving as the in-person representative for Defendant City Logistics and with one Mr. James Kwon (City International CEO from the company's Los Angeles office) serving as the in-person representative for City International.  See generally Docket No. 119.

In making its argument for sanctions, Plaintiff correctly notes that the Federal Rules of Civil Procedure permit a district court to sanction a party that fails to comply with its order.  *See* Fed. R. Civ. P. 16(f).   The Plaintiff further correctly notes that district courts have the inherent authority to control the conduct of those appear before it and specifically to levy sanctions when a party fails to attend court-ordered conferences or fails timely to disclose its true settlement posture, thereby necessitating the unnecessary scheduling of settlement conferences.  See Docket No. 112, at 7-8 (citing Hovey v. LaFarge North America, Inc., Civ. No. 07-2193 (WJM), 2008 U.S. Dist. LEXIS 118449, *3-4 (D.N.J. January 14, 2008)(citing Cambers v. NASCO, Inc., 501 U.S. 32,

43 (1991)); <u>Chanel, Inc. v. Craddock</u>, Civ. No. 05-1593 (HAA), 2006 U.S. Dist. LEXIS 10478, *6-7).

The Plaintiff then urges that an award of sanctions is proper here because: 1) Defendant City Logistics has twice failed to comply with the Court's directives to have a party representative attend a settlement conference with full authority to discuss settlement; and 2) neither Defendant City Logistics nor Defendant City International informed the Court prior to the January 24, 2014 settlement conference that good faith settlement negotiations were not possible without the attendance of the representative for City Logistics.  Plaintiff concludes by noting that it seeks only an award of attorney's fees and actual costs for its attendance at the January 24, 2014 settlement conference, an award which Plaintiff contends "is narrowly targeted to the harm caused by [Defendants] to [Plaintiff] and [which] will caution [Defendants] that [they]  cannot lightly disregard this Court's requirements."  <u>See</u> Docket No 112, at 8-9.

Defendant's arguments in response include the following assertions: 1) that both Defendants were represented at the January 24, 2014 settlement conference by representatives with full settlement authority, 2) that the Defendants used their best efforts to comply with the Court's directive that higher-level, non-local officials attend the conference, and 3) that "extraordinary

circumstances" prevented the attendance of a higher-level, non-local official from City Logistics.

As regards the "full settlement authority" issue, the Defendants assert that Ms. Lin and Mr. Kwon were vested with full authority to speak for Defendants at the January 24, 2014 settlement conference and that the protestations of Plaintiff, without more, does not change that. With respect to their efforts to secure the attendance of a higher-level, non-local City Logistics official, the Defendants urge that they moved as quickly as possible to identify the appropriate representative in China and to secure Chinese government permission for travel to America prior to January 24, 2014, but that their efforts were unsuccessful. Defendants note that City Logistics was undergoing a restructuring in late 2013 so it was not immediately apparent who the proper representative would be, but that they moved as quickly as possible once the representative was identified. Defendants further contend that securing permission to travel from the Chinese government in a few weeks is often difficult, and they assert that when they finally realized the January 24, 2014 date was too soon to secure permission for travel from China they immediately sought a postponement of the conference to accommodate this reality. Finally, Defendants argue that the difficulties in arranging for travel of their official from China constituted precisely the type of "extraordinary circumstances"

specifically contemplated by the Court's December 13, 2013 Order initially scheduling the conference. See Docket No. 106.

The Court begins its analysis of the current application by noting that the imposition of sanctions under Federal Rule of Civil Procedure 16(f) is discretionary with the Court. As the concluding paragraph to the Advisory Notes for the 1983 Amendment to Rule 16 makes abundantly clear: "As is true under Rule 37(b)(2), the imposition of sanctions may be sought by either the court or a party. In addition, the court has discretion to impose whichever sanction it feels is appropriate under the circumstances. Its action is reviewable under the abuse-of-discretion standard. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976)."

Although the Plaintiff argues strenuously in its papers that Ms. Lin did not have the requisite authority to serve as the Defendants' representative at the November 20, 2013 settlement conference, the Court notes at the outset – and Plaintiff has made it quite clear – that the current application seeks sanctions only for Defendants allegedly ineffective participation at the January 24, 2014 settlement conference. Accordingly, while the Court understands that prior history may lend context and support for the current request for sanctions, it must be emphasized ab initio that the Court's focus for purposes of the present

application will remain most squarely on Defendants' conduct with respect to the January 24, 2014 conference.

As regards that latter conference, it seems fairly clear that the Defendants did not absolutely live up to the Court's directives regarding representation. Although Mr. Kwon, who appeared at the conference as the representative for City International, seems to have been the type of higher-level, non-local official that the Court was seeking, there was no such official present to represent City Logistics. While Defendants protest that Ms. Lin was fully vested with the authority to represent City Logistics at the conference, it is obvious that the Court did not consider her an adequate representative. Indeed, given the circumstances, the fact that the Court scheduled a second settlement conference in January of 2014 on the heels of the November, 2013 conference at which Ms. Lin was present indicates that the Court considered her participation as Defendants' representative insufficient. Surely, the Court would never have scheduled a follow up conference and used specific language concerning "non-local" and "higher-level" if it had been satisfied with the representation Ms. Lin provided at the November, 2013 conference. The Court is not, therefore, inclined to forgive this apparent transgression of its directive unless it determines there was a valid excuse for the failure.

The Court concludes, however, that the events leading up to the January, 2014 conference constitute the type of "extraordinary circumstances" mentioned in the Court's December 13, 2013 Order which serve to excuse the failure of City Logistics to appear at the January, 2014 conference with a non-local, higher level representative. As Defendants have explained, they were given six weeks to identify a representative to appear at a time when, due to a corporate restructuring, it was not entirely clear who would be the appropriate official to attend the conference. Once an official was identified in China, the Defendants say they immediately took steps to secure permission from the Chinese government for him to attend the conference, but the government apparently did not move quickly enough to provide the requisite permission. From the Court's perspective, that is a claim that is not very difficult to believe. Finally, Defendants note that when it became clear that City Logistics would not be able to secure the attendance of the appropriate official, they quickly took steps to try and reschedule the conference. Given the potential vagaries of arranging international travel, particularly between the countries involved here, it appears to the Court that Defendants engaged in appropriate efforts to comply with the directives of the Court but that adverse circumstances simply intervened. As a result, the Court determines that these "extraordinary circumstances" militate against the requested award of sanctions.

In making this decision, the Court recognizes Plaintiff's claim that the Court virtually invited it to file a sanctions motion based upon Defendants' conduct at the settlement conferences discussed herein.  Based upon Plaintiff's version of the facts, however, it appears to the undersigned that the invitation to file a sanctions motion was more forceful after the November, 2013 conference than it was after the January, 2014 conference.  This might very well be due to the fact that the Defendants did make a creditable effort to comply with the Court's December 13, 2013 Order and to have the proper officials present at the January settlement conference.  Additionally, the Court notes that one prominent justification offered by Plaintiff for granting the sanctions motion presently under consideration is that it "will send a strong message to City Logistics that the Court's orders shall not be ignored."  See Docket No., 112, at 7.  While this litigation has been contentious at times, the history of the litigation subsequent to the current application does not reveal a history of Defendants ignoring valid Court Orders or failing otherwise to participate meaningfully in the litigation.  Consequently, the Court concludes that these additional factors provide yet further support that the requested sanctions award should be denied.

THEREFORE, for the foregoing reasons, and good cause appearing,

IT IS on this 2nd day of August, 2021,

12

ORDERED that Plaintiff Nike's letter motion seeking an award of costs and attorney's fees relating to its attendance at a January 24, 2014 settlement conference with Defendants City Logistics and City International be and the same is herewith denied.


      s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**