NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE INC., | Civil Action No.: 11-04390 |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| EASTERN PORTS CUSTOM BROKERS, INC., *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on Nike Inc.'s ("Nike") request to substitute Gary Kardian as its designated expert witness in lieu of Carlos Rodriguez, Esq. ECF No. 311. Defendants City Ocean International, Inc. and City Ocean Logistics Co., Ltd. (collectively, "City Ocean") opposed the request (ECF No. 313) and Nike replied (ECF No. 315). The Court also considers City Ocean's motion to exclude the testimony of Mr. Rodriguez at trial. ECF No. 291. Nike opposed the motion (ECF No. 306) and City Ocean replied (ECF No. 310). The Court heard oral argument on these issues on November 8, 2023. *See* ECF No. 317. For the reasons set forth below, the Court will allow Nike to substitute its expert witness subject to the Court's ruling on a forthcoming revised *Daubert* motion.

**WHEREAS** on September 25, 2023, Nike filed a letter with this Court requesting permission to substitute its designated trial expert witness, Mr. Rodriguez, with a new expert witness, Mr. Kardian. ECF No. 311 at 1. Nike informed the Court that Mr. Rodriguez had recently

disclosed "that he is unable to testify [at the upcoming trial] due to his advanced age and a corresponding health condition." *Id.* Nike originally raised the issue to Magistrate Judge James B. Clark on September 8, 2023. *See* ECF No. 305. Magistrate Judge Clark denied the request without prejudice, instructing Nike to raise this issue before this Court with trial approaching. *See* ECF No. 309 (Sept. 12, 2023 Hearing Transcript) at 13:24-14:8. Thereafter, on September 25, 2023, Nike filed the instant request with this Court (ECF No. 311), City Ocean filed a letter in opposition (ECF No. 313), and Nike replied (ECF No. 315); and

**WHEREAS** "[i]n the Third Circuit, a motion to substitute an expert witness is construed as a Rule 16(b) motion to modify the scheduling order." *Pers. Audio, LLC v. Google LLC*, No. CV 17-1751-CFC, 2023 WL 3582681, at *2 (D. Del. May 22, 2023) (citing *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007)). Rule 16 establishes that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16 gives the district courts wide latitude to manage discovery and other pretrial matters, and to set deadlines for amending pleadings, filing motions, and completing discovery." *Eichorn*, 484 F.3d at 650. "'[G]ood cause' under Rule 16(b) primarily considers the diligence of the party seeking the amendment." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 561 (D.N.J. 2022). "Good cause may be satisfied upon a showing that an inability to comply with a scheduling order is due to mistake, excusable neglect or other factors that may account for the failure to comply with a scheduling order." *Id.*; and

**WHEREAS** in a sworn declaration provided by Nike's counsel, Mr. Rodriguez reports that "since May of this year, I have been forced to reduce my workload to 3–4 hours per day, and I have fully stopped attending court or performing any litigation activity due to medical concern over stress levels that those activities generate. I have consulted with medical doctors on the issue of stress during the aging process at my age of 82 and my doctors have prescribed anxiety

2

medication and counseled me to reduce stress."[1]  ECF No. 305-2 ("Rodriguez Decl.") ¶ 14.  Mr. Rodriguez notes, however, that he did not inform Nike's counsel of these concerns until August 29, 2023.  *Id.* ¶¶ 16–17.  Rather, Mr. Rodriguez had confirmed on multiple occasions in May 2023 that he was available and planned to testify in an upcoming fall or winter trial and did not have plans to retire in the short-term.  *Id.* ¶¶ 11–13.  Mr. Rodriguez adds that he "will be fully retiring in the near term as soon as [his] current firm finds counsel to service clients in [his] practice area" and, in the interim, will only provide "consulting services" that do not involve litigation.  *Id.* ¶ 15.  Counsel for Nike reiterated the timeline of these events, including Mr. Rodriguez's refusal to further engage with this matter and communicate with counsel, during the oral argument held on November 8, 2023.  *See generally* ECF No. 318 (November 8, 2023 Oral Argument Transcript ("Nov. 8 Tr.")); and

**WHEREAS** critically, upon learning the news about Mr. Rodriguez's health, Nike took timely action:  by September 8, 2023, Nike's counsel had informed Magistrate Judge Clark of the situation and discussed it during a September 12, 2023 conference before the court (ECF Nos. 305, 309), identified Mr. Kardian as a substitute witness, and met and conferred with City Ocean's counsel regarding the substitution (ECF No. 305-1 ("McKee Decl.") ¶¶ 17–20, 23).  *See* Nov. 8 Tr. at 9:12–11:7.  Additionally, Mr. Kardian has agreed to adopt Mr. Rodriguez's reports and sit for a deposition prior to trial.  McKee Decl. ¶¶ 21–22; and

**WHEREAS** in light of the events detailed in the Rodriguez and McKee Declarations and the circumstances further described by counsel during the November 8, 2023 oral argument, the Court is satisfied that, despite the unfortunate timing, substitution is appropriate at this juncture. *See Palatkevich v. Choupak*, No. 12-cv-1681, 2014 WL 5463371, at *1 (S.D.N.Y. Oct. 22, 2014)

---

[1] Mr. Rodriguez did not produce any documentation from his treating physician.  City Ocean has withdrawn an earlier request for such medical documentation.  *See* ECF No. 319 at 1 (November 16, 2023 Joint Status Letter).

3

("The illness and sudden unavailability of a designated expert is certainly good cause to modify a Rule 16 scheduling order, particularly where the plaintiffs have been diligent in dealing with the problem, as was the case here."); *Hanover Ins. Co. v. Smith Bros. Ins.*, No. 12CV4548, 2014 WL 6769690, at *1 (S.D.N.Y. Nov. 26, 2014) ("Defendants notified Hanover of their intention to replace [expert witness] Downey within days of the deposition. This Court finds Defendants acted with reasonable diligence in seeking to amend the scheduling order."). However, a final decision on whether Mr. Kardian will be permitted to testify at trial is subject to the Court's ruling on a revised *Daubert* motion to be filed, if needed, by City Ocean following his deposition; and

**WHEREAS** a court may consider the prejudicial effects of an amended scheduling order on the opposing party, tailoring the substitution and implementing restrictive conditions accordingly. *See Hanover Ins. Co.*, 2014 WL 6769690, at *2 ("Courts balance the existence of good cause with the degree of prejudice to the party opposing modification of the scheduling order. Prejudice to Hanover can be mitigated by (1) limiting the scope of the replacement expert's proffered testimony, and (2) requiring Defendants to compensate Hanover for the costs and fees associated with prior expert discovery efforts." (internal citation omitted)); *see also Nat'l Ass'n for Advancement of Colored People v. E. Ramapo Cent. Sch. Dist.*, No. 17CIV8943CSJCM, 2018 WL 11260464, at *3 (S.D.N.Y. July 2, 2018) (examining prejudicial effects of an expert witness substitution and reviewing case law on courts' handling of restraints on the new expert's testimony). For example, in *Synygy, Inc. v. ZS Assocs., Inc.*, the court explained:

> Defendants do not ask for and nor will I "allow a carte blanche substitution. The purpose of allowing substitution of an expert is to put the movant in the same position it would have been in but for the need to change experts" . . . . Any new expert report "may not provide an opinion that is contrary to or inconsistent with [the previous expert witness] . . . . While the opinion need not be identical, it is reasonable to limit the new expert to findings that are substantially similar to those presented by [the original expert witness.]"

4

No. CIV.A. 07-3536, 2015 WL 4578807, at *3 (E.D. Pa. July 30, 2015) (quoting *U.S. ex rel. Agate Steel, Inc. v. Jaynes Corp.*, No. 13–1907, 2015 WL 1546717, at *2 (D. Nev. Apr. 6, 2015)). City Ocean requests that, should the Court allow Nike to substitute its expert, it provide the following relief:

1. Compelling the substitute expert to confine all testimony to the opinions of the Rodriguez reports, as well as the bases of those opinions and barring him from offering any opinion or basis for an opinion not expressly stated in the Rodriguez reports;

2. Providing City Ocean's expert (Sec. Bryant VanBrakle) the timely opportunity to review the substitute expert's testimony and prepare and finalize a rebuttal report thereto;

3. Allowing City Ocean the opportunity file a pre-trial submission (whether *Daubert* or otherwise), challenging the substitute expert's testimony, opinions and bases for opinions on the grounds the expert has exceeded the four corners of the Rodriguez reports and the Court's order compelling him to restrict his testimony to the Rodriguez opinions, testimony and bases for opinions; and

4. Adjourning the trial date with sufficient time to allow City Ocean the appropriate time to adequately address the new expert issue AND prepare for trial.

ECF No. 313 at 4–5. Considering the nature and timing of Nike's request, the Court will provide certain relief detailed below.

Accordingly, **IT IS** on this 12th day of January, 2024,

**ORDERED** that Nike's request to substitute Gary Kardian as its trial expert witness (ECF No. 311) is **GRANTED** subject to further motion practice if needed; and it is further

**ORDERED** that as conditions of permitting the substitution of Mr. Kardian for Mr. Rodriguez at this late juncture, and in the interests of judicial economy and to ensure the scheduled trial may proceed in a timely manner,

1. Mr. Kardian shall issue a new expert report no later than **January 22, 2024**. Mr. Kardian's expert report may not provide an opinion that is contrary to or inconsistent with Mr. Rodriguez's report. Mr. Kardian's report need not be identical, but his findings must be substantially similar to those presented by Mr. Rodriguez; and

2. Nike shall produce Mr. Kardian for a deposition no later than **January 31, 2024**; and

3. If City Ocean still seeks preclusion of Nike's expert, it shall file a new motion, including revised briefing incorporating *any and all* arguments related to Mr. Kardian and his anticipated testimony, no later than **February 12, 2024**; and

4. Nike's opposition shall be filed no later than **February 22, 2024**; and

5. City Ocean's reply shall be filed no later than **February 29, 2024**; and it is further

**ORDERED** that Nike is directed to pay the reasonable fees and costs incurred by City Ocean in connection with the substitution of Mr. Kardian; and it is further

**ORDERED** that City Ocean's motion to exclude the testimony of Nike's expert witness, Carlos Rodriguez, Esq. (ECF No. 291) is **ADMINISTRATIVELY TERMINATED** without prejudice; and it is further

**ORDERED** that although the Court had previously discussed a March 4, 2024 trial date, given the deadlines established herein, trial shall be **ADJOURNED** to **April 9, 2024**. The parties shall update the Court by **January 31, 2024** regarding the resolution of any outstanding motions. The parties' pretrial submissions shall be submitted to the Courtroom Deputy no later than **March 8, 2024**. Such materials shall include:

1. Trial briefs;

2. Jointly agreed to proposed voir dire questions;

3. Jointly agreed to neutral statement about the case, not to exceed one paragraph;

4. Jointly agreed to proposed jury charges. If there are charges on which the parties cannot reach agreement, both parties' versions should be included in the document with each party's position clearly explained, including citations to supporting authorities. The agreed upon charges should be clearly marked as "Agreed Upon" and those not agreed upon should be clearly marked as "Objected To;"

5. A single numbered list of all exhibits, including a brief description and any objection to the exhibit;

6. A list of all parties, attorneys and witnesses; and

7. A thumb drive containing all exhibits expected to be presented at trial. At trial, all exhibits should be pre-marked and must include exhibit stickers. Copies of all trial

exhibits must be prepared for the Judge, the Law Clerk, the Court Reporter, and opposing counsel; and it is further

**ORDERED** that the above schedule supersedes any other schedule previously entered by the Court.

**SO ORDERED.**

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**